## THE NORTHERN MICHIGAN LUMBER COMPANY v. CHARLES W. LYON.

*Log-lien proceedings—Jurisdiction—Estoppel.*

1. A justice of the peace acquires no jurisdiction to issue an attachment in a log-lien suit unless the affidavit for attachment is filed on the same day the writ is issued; city *McPherson v. McGillis*, 93 Mich. 525.

2. There can be no estoppel where one is not deceived or misled, but acts upon his own judgment, and with knowledge of the facts; citing Story, Eq. Jur. § 1544; *Fletcher v. Circuit Judge*, 81 Mich. 193.

Error to Emmet. (Ramsdell, J., presiding.) Submitted on briefs April 6, 1893. Decided June 1, 1893.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Lyon & Dooling,* for appellant, contended:

1. The defendant purchased the logs, relying upon the fact that the objections made by the plaintiff's attorney were the only ones to the lien proceedings, and plaintiff is estopped from questioning the validity of the sale except on those grounds; citing *Ganong v. Green,* 64 Mich. 488; *Johnson v. Stellwagen,* 67 Id. 10; *Sutton v. Beckwith,* 68 Id. 303.

*B. T. Halstead,* for plaintiff.

GRANT, J. Certain parties commenced suits by attachment to enforce liens for labor and services upon certain logs belonging to the plaintiff in this suit, under Act No. 229, Laws of 1887. The affidavits for the attachment were made April 25, were filed April 27, and the writs issued. Due service was had upon the principal defendants, and copies of the writs were served upon the plaintiff. Judgments were entered in favor of the plaintiffs in the attachment suits, executions issued, and the logs here involved were sold by virtue thereof, and bid in by the defendant. The plaintiff appeared by attorney at these sales, and forbade the same for certain reasons then given.

The justice acquired no jurisdiction in the attachment suits, because the affidavits were not filed and the writs issued on the same day. *McPherson v. McGillis,* 93 Mich. 525.

It is, however, insisted on behalf of the defendant that plaintiff is now estopped to interpose this objection, because its attorney did not include it in his protest at the time of the sale. It is unnecessary to decide whether this defense is available under the plea of the general issue. The court found that the defendant bid at the sale relying on the advice of his attorney, whom he had employed to examine the records of the suit, and who reported to him thereon. The evidence sustained the finding. Both parties, therefore, were equally cognizant of the facts, and neither the declaration nor silence of plaintiff produced any effect

upon the conduct of the defendant. There can be no estoppel where one is not deceived or misled, but acts upon his own judgment, and with knowledge of the facts. Story, Eq. Jur. § 1544; *Fletcher v. Circuit Judge,* 81 Mich. 193, and authorities there cited.

Judgment affirmed.

The other Justices concurred.