BOCK v. NEWKIRK.

1. REFORMATION OF INSTRUMENTS—DEEDS.
    High degree of care and caution should be exercised in reforming written instruments affecting title to lands.

2. SAME—PROOF MUST BE CLEAR AND CONVINCING.
    Proof to warrant reformation of written instrument must be clear and convincing.

3. SAME—DEEDS—PROOF INSUFFICIENT.
    Where, in suit by grantees to reform deed so as to reserve flowage rights on low and marsh lands instead of fee, it appears that said reservation was embodied first in contract and later in deed, that there was considerable negotiation in relation thereto prior to consummation of contract, that exact terms of reservation were finally agreed on through one to whom grantees went for counsel, and that in meantime grantor and others having knowledge of facts have died, proof was insufficient to justify reformation, and bill was properly dismissed.

Appeal from Washtenaw; Sample (George W.), J. Submitted June 11, 1930. (Docket No. 87, Calendar No. 34,816.) Decided October 3, 1930.

Bill by Paul Bock and another against Eleanor J. Newkirk for reformation of a deed. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Carl A. Lehman,* for plaintiffs.

*Stivers & Hooper,* for defendant.

NORTH, J. Plaintiffs have filed this bill to secure the reformation of a deed in which they are grantees and Thomas Birkett, defendant's father, whom she represents as an heir-at-law, was the grantor. The property is farm land and the original negotiations for the sale began in March, 1911. A contract of sale dated March 25, 1911, but acknowledged by the vendees May 20, 1911, was finally consummated between the parties. The deed pursuant to this contract bears date March 14, 1914. The alleged mistake is embodied in a reservation contained in each of these instruments and reads as follows:

"Excepting and reserving therefrom (the farm of 120 acres), all of the low and marsh land on the above described premises lying west of the highway (known as the Dexter and Pinckney road)."

It is plaintiffs' contention that the negotiations and agreement of the parties were to the effect that the "flowage rights" on the low land and the marsh land were to be reserved by the grantor, but not the fee to the land; and they ask that the deed be reformed in this particular. Plaintiffs' bill of complaint was dismissed in the lower court, and they have appealed.

The grantor died in July, 1916. This bill of complaint was filed March 15, 1929. The competent proof in the record consists largely of letters which passed between the grantor and the grantees at the time of the consummation of the contract. This was supplemented by proof of possession and payment of taxes. The record does not contain a finding of the trial judge, but our review of the testimony forces the conclusion that the decree of the lower court dismissing plaintiffs' bill of complaint was fully justified.

The issue presented is one of fact, and the profession would not be benefited by a detailed review of all the testimony. It is sufficient to note that the reservation which plaintiffs would have changed was embodied in two written instruments, in the contract and later in the deed. There was considerable negotiation and correspondence prior to the consummation of the contract concerning this identical reservation. The exact terms were finally agreed upon through one to whom the grantees went for counsel. Nowhere does it satisfactorily appear that the parties were concerned with the reservation of flowage rights only. Years have intervened since these parties embodied the terms of this transaction in the respective written instruments. In the meantime the grantor and others who had knowledge of the facts here involved have passed away. There is no claim of title by adverse possession, nor could there be. A high degree of care and caution should be exercised in reforming written instruments affecting title of lands. Sixty years ago this court, speaking through Justice Christiancy, said:

"It would, we think, be exceedingly dangerous, and tend to weaken confidence in titles generally, if the effect of deeds of conveyance, leases or other

written evidences of title could be thus changed by a verbal agreement, except in very clear cases, where the contract is proved to the entire satisfaction of the court." *Case* v. *Peters,* 20 Mich. 298.

In a later case we have said:

"The proof to warrant reformation must be clear and convincing." *Retan* v. *Clark,* 220 Mich. 493; citing, *Miles* v. *Shreve,* 179 Mich. 671.

In the instant case the proof falls far short of the clear and convincing type which would justify reformation. The decree of the lower court is affirmed, with costs to the appellee.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.