SCHULER v. BUCUSS.

1. REFORMATION OF INSTRUMENTS—MISTAKE.
   Written instruments entered into between competent parties should not be altered or reformed on theory of mistake unless mistake is mutual and evidence so clear as to establish right to relief beyond cavil.

2. SAME—VENDOR AND PURCHASER—EVIDENCE—SUFFICIENCY.
   In suit by vendor to reform land contract so that instead of conveying premises "free and clear of and from all liens and incumbrances" as called for, conveyance would be subject to pre-existing oil and gas lease, holding by trial court that plaintiff had failed to establish her right to relief, held, justified by record.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 9, 1931. (Docket No. 86, Calendar No. 35,412.) Decided February 27, 1931.

Bill by Mathilda Schuler against Charles E. Bucuss and another to enjoin a suit at law and to reform a land contract. Decree for defendants. Plaintiff appeals. Affirmed.

*Turner, Engle & Cochran,* for plaintiff.

*Alexis J. Rogoski,* for defendants.

North, J. Plaintiff herein seeks to restrain the prosecution of a suit at law instituted against her by the defendants herein and to obtain reformation of a land contract. Her bill of complaint was dismissed, and she has appealed. As the owner of a parcel of land near Muskegon, Michigan, plaintiff entered into an oil and gas lease covering the premises. Thereafter, and on August 10, 1928, she contracted with these defendants to sell to them five acres out of this parcel. The contracts were prepared by plaintiff's agent, a scrivener who had served her in similar capacity for a number of years. The undisputed testimony discloses that all the parties to the contract and the scrivener knew at the time the instruments were prepared of the outstanding oil and gas lease. Plaintiff claims it was understood and agreed between herself and the vendees that it was not necessary to mention the oil and gas lease in the contract they were then entering into and that in event oil and gas were produced on plaintiff's property defendants should have their proportionate share of the royalties. She is seeking in this proceeding, on the ground of mistake, to have her contract with the defendants reformed so that the sale of the parcel to defendants shall be made subject to the oil and gas lease; and she further asks that the reformed contract be specifically performed.

Defendants assert that at the time of closing the land contract plaintiff represented to them that the gas and oil lease would expire in two weeks and prior to the time the defendants would become entitled to a deed. Defendants further claim that they relied upon plaintiff's representation and they would not have entered into the terms of the contract had they understood or been advised that upon taking the deed their property would be subject to plaintiff's prior lease. The suit at law instituted by defendants herein against plaintiff was to recover damages because of plaintiff's inability upon tender of the purchase price to convey the premises which she had contracted to sell to them ''free and clear of and from all liens and incumbrances.'' It is the prosecution of this suit that plaintiff here seeks to have enjoined.

The law is thoroughly settled that solemnly written instruments entered into between competent parties should not be altered or reformed on the theory of mistake except the mistake is mutual and the evidence so clear as to establish the right to relief beyond cavil. *Youell* v. *Allen,* 18 Mich. 107; *Long* v. *Bibbler,* 225 Mich. 261; *Retan* v. *Clark,* 220 Mich. 493; *DeGood* v. *Gillard,* 251 Mich. 85. We have reviewed the record with care, and are satisfied that the circuit judge, who had the advantage of seeing as well as hearing the witnesses, was right in holding that plaintiff did not establish her right to relief. His decree dismissing plaintiff's bill of complaint is affirmed, with costs to appellees.

BUTZEL, C. J., and WIEST, CLARK, MCDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.