DONALDSON *v.* HULL.

1. REFORMATION OF INSTRUMENTS—PAROL EVIDENCE—FRAUD—MISTAKE.

> Written agreement is so conclusively presumed to embody real contract that, in absence of fraud, accident, or mistake, parol evidence is inadmissible to vary its terms.

On parol evidence as not admissible to vary, add to, or alter a written instrument, see annotation in 6 L. R. A. 38; 17 L. R. A. 270; 56 A. L. R. 13.

2. SAME—EVIDENCE MUST BE CLEAR AND CONVINCING.

    To overthrow written contract, on ground of mistake, parol evidence to establish mistake must be clear and convincing.

3. SAME—SUFFICIENCY OF EVIDENCE.

    In suit to reform written agreement, on ground of mistake, finding of trial court that evidence of mistake was insufficient to warrant relief prayed, *held*, correct.

Appeal from Lapeer; Smith (Henry H.), J. Submitted October 16, 1931. (Docket No. 137, Calendar No. 35,659.) Decided June 6, 1932.

Bill by Donald A. Donaldson, by his guardian, to reform a partnership dissolution agreement. Bill dismissed. Plaintiff appeals. Affirmed.

*Herbert W. Smith,* for plaintiff.

*Theo. D. Halpin,* for defendant.

POTTER, J. Plaintiff filed a bill of complaint against defendant to correct, on the ground of mistake, an agreement in writing made between Donald A. Donaldson and defendant, and for other relief. Defendant denied the material allegations in the bill of complaint. From a decree for defendant, plaintiff appeals.

Plaintiff need establish his right to relief only by a preponderance of evidence. The contract involved was one of partnership settlement and sale by Donaldson of partnership assets to defendant. The parties went to a banker who made a memorandum of the agreement entered into. This agreement was subsequently reduced to form by the banker, read over and executed by the parties. Having deliberately put the agreement in writing and signed and executed the same, such written agreement, in the

absence of fraud, accident, or mistake, is so conclusively presumed to embody the real contract that no parol evidence can be permitted to vary its terms, but where it is sought to overthrow, by parol evidence, on the ground of mistake, a written contract, it has been the uniform holding of this court the evidence to establish such mistake must be clear and convincing. The trial court, upon a review of the testimony, was unable to find sufficient evidence of mistake to warrant modification of the written contract as prayed. In this we think the court was correct. Decree affirmed, with costs to defendant.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.