## MILEWSKI *v.* WOLSKI.

1. EASEMENTS—CEMENT DRIVEWAY ON PROPERTY LINE—CONTINUOUS EASEMENT.

> Cement driveway, eight feet wide, centered on property line between two city lots and extending from the street towards the rear of the lots where each has a garage located and

---

In general, as to creation of easements by implication, see 5 Restatement, Property, §§ 474–476; factors determining the creation of easements by implication, § 476; element of necessity in creation of such easements, see § 476, comment g; element of reciprocal benefits to conveyor and conveyee, see § 476, comment h.

which is not a way of necessity, does not constitute a continuous easement since it can only be used by the interference of man.

2. SAME—CONTINUOUS EASEMENT—RIGHT OF WAY—GRANT—WAY OF NECESSITY.

Continuous easements pass, on the severance of the dominant and servient tenements, as appurtenances but a right of way does not unless the grantor in the conveyance creates the easement *de novo* or unless it is a way of necessity.

3. LICENSES—EASEMENTS—WAY OF NECESSITY.

A driveway established by the owners of adjoining lots for mutual convenience, one-half of the driveway being on each lot, is not a way of necessity, but a license revocable by either party.

4. EASEMENTS—ADVERSE USER—EFFECT.

Where the owners of adjoining lots for mutual convenience established a driveway between the same, one-half thereof being on each lot, their acquiescence for a long term of years in such mutual user of the way did not create title in and to the land of the other in either party, there being nothing hostile or adverse in such user.

5. LICENSES—RIGHT OF WAY—WITHDRAWAL OF PERMISSION.

If a right of way rests on permission, such permission may be withdrawn at any time, however long continued.

6. INJUNCTION—DRIVEWAY.

Claim that plaintiff was entitled to injunction restraining defendant from blocking a cement driveway between their two houses because it was of mutual advantage to both properties and also on the ground of laches and estoppel *held*, not established under record presented.

7. SAME—TEMPORARY—JURISDICTION OF ANOTHER JUDGE TO GRANT PERMANENT INJUNCTION.

In a suit wherein plaintiff obtained a temporary injunction, another judge of the same circuit upon hearing the case on its merits was not therefor without jurisdiction to deny injunctive relief.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 4, 1946. (Docket No. 52, Calendar No. 43,333.) Decided May 13, 1946.

Bill by Anna Milewski against Walter Wolski and wife to enjoin interference with a driveway. Cross bill by defendants against plaintiff to quiet title to land used for driveway and for injunction. Decree for defendant. Plaintiff appeals. Affirmed.

*Isaac M. Smullin,* for plaintiff.

*Louis Andrzejewski,* for defendants.

NORTH, J. By her bill in chancery plaintiff seeks to have defendants restrained from interfering with her use of a cement driveway. After a hearing on the merits decree was entered in the circuit court dismissing the bill of complaint. Plaintiff has appealed.

These parties own and occupy contiguous residential properties fronting on Eldridge street in the city of Detroit. Both plaintiff and defendants purchased their respective properties from the Equitable Trust Company. Their houses are little more than eight feet from each other. The driveway is eight feet in width and is centered on the property line between the two properties. It extends from the street towards the rear of the lots where each has a garage located. Defendants purchased their property in October, 1934, and plaintiff in January, 1935. The driveway had been constructed and in use for a number of years prior to the time either of these parties purchased; and its mutual use by these parties was continued until September, 1944, at which time defendants "blocked" their side of the driveway. There is a paved alley at the rear of each of these properties from which access might be had to their respective garages if there were doors on the alley side. The

garage on plaintiff's lot was constructed after she purchased the property. The entrance to the garage is from the driveway, there being no doors opening onto the alley. Both plaintiff and defendants had deliveries of coal from trucks in the driveway through chutes accessible from the driveway side of their houses. In order that this might be done the coal chute in plaintiff's residence was changed soon after the purchase from the opposite side of the house to the driveway side. There is testimony that except plaintiff's fuel can so be delivered she will have to have it carried in over her half of the driveway and will be subjected to an additional charge of $1.75 or more per ton. And, obviously, if plaintiff is prevented from using the eight-foot driveway her garage to be usable will have to be altered in such a way as to be accessible from the alley in the rear.

There is no claim, nor could there be, that plaintiff is entitled to use the driveway as a way of necessity, nor does she claim to have acquired rights in the driveway by prescription. Instead, plaintiff's claim in substance is that since this driveway "of a permanent nature" was in existence and use at the time the parties purchased their respective premises it constituted a visible easement established by their predecessors in title and both the defendants and plaintiff at the time of purchasing were charged with notice of the existence and use of this mutual driveway and therefore each of the parties has the right to have the easement perpetuated for the benefit of the respective properties. In this connection plaintiff asserts that this mutual right of driveway constitutes a *continuing* or *continuous* easement which was appurtenant to each of these properties; and since it was appurtenant to the respective properties when these parties purchased, it passed with the conveyance of each parcel

even though the instrument of conveyance did not so provide.

Plaintiff has cited and relies upon some decisions from other jurisdictions and quotations from text books which tend to support her contention, but such is not the law in this jurisdiction. Plaintiff is in error in asserting that this driveway is a *continuous* easement. A like question was passed upon in *Morgan* v. *Meuth,* 60 Mich. 238. On page 252 of that opinion the Court said:

"After such merger (in a common grantor, as in the instant case), it was a way of his own, for his own convenience, which he might alter or close up at his own pleasure. The dominant and servient tenements were unified; and the question arises whether, by the conveyance to complainant and consequent severance of the ownership of the dominant tenement, this alley, or right of way, passed by the general words, 'together with the hereditaments and appurtenances thereunto belonging, or in anywise appertaining.' This depends upon the nature of the easement. This alley was created for a passageway, and nothing else. The only benefit or advantage claimed for it is that of a right of way. It is therefore a *discontinuous* easement, — one the use of which can only be had by the interference of man. It is not like a drain or sewer, which are used continually without the intervention of man. Continuous easements pass, on the severance of the two tenements, as appurtenances, but a right of way does not, unless the grantor in the conveyance uses language sufficient to create the easement *de novo,* or because its use is absolutely necessary to the enjoyment of the premises conveyed."

Our decision in *Wilkinson* v. *Hutzel,* 142 Mich. 674, is squarely in point with the instant case. We quote two paragraphs from the headnotes:

"A driveway established by the owners of adjoining lots for mutual convenience, one-half of the

driveway being on each lot, is not a way of necessity, but a license revocable by either party.

"Where the owners of adjoining lots for mutual convenience established a driveway between the same, one-half thereof being on each lot, their acquiescence for a long term of years in such mutual user of the way did not create title in and to the land of the other in either party; there being nothing hostile or adverse in such user."

See, also, *Stewart* v. *Hunt*, 303 Mich. 161, where we said: "If defendants' [plaintiff's in the instant case] right to the way rests on permission, such permission may be withdrawn at any time, however long continued."

Plaintiff further asserts the right to injunctive relief on the ground that the driveway is of mutual advantage to both properties, and also on the ground of laches and estoppel. Under this record plaintiff is not entitled to relief in consequence of either or all of such contentions. It seems scarcely necessary to note that plaintiff is also wrong in her contention that because one of the circuit judges of Wayne county granted a temporary injunction another judge of the same circuit upon hearing the case on its merits was without jurisdiction to deny injunctive relief.

The decree dismissing plaintiff's bill of complaint is affirmed, with costs to appellees.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, Reid, and Starr, JJ., concurred.