**LEVY et al. v. DOSSIN'S FOOD PRODUCTS.**

Civ. No. 702.

District Court, W. D. Michigan, S. D.

July 18, 1947.

L. H. Grettenberger, of Grand Rapids, Mich., for plaintiffs.

Frederick A. Schopp, of Detroit, Mich., for defendant.

STARR, District Judge.

Plaintiffs Richard Levy and Arnold A. Schwartz are residents and citizens of the State of Illinois, and defendant Dossin's Food Products (herein referred to as "Dossin's") is a Michigan corporation with its principal office in the city of Detroit.

For several years prior to January 30, 1941, the Alabastine Company, a corporation, owned certain land and the factory buildings thereon, located on the northerly side of Chicago drive in the city of Grand Rapids, Michigan. In the present suit an easterly portion of this land, having a frontage of 90.9 feet on Chicago drive, is referred to as "parcel one" and the remainder of the land, having a frontage of 228.43 feet on Chicago drive, is referred to as "parcel two." Prior to January 30, 1941, the Alabastine Company had used both parcels of land and buildings thereon in connection with its paint manufacturing business, the buildings on parcels one and two being connected by a passageway. During this time the company had established a driveway extending from the rear (northerly) end of the building on parcel one in a southwesterly direction across parcel two to Chicago drive, for ingress and egress to and from the buildings on both parcels. A sketch or map (plaintiffs' exhibit 1) is hereto attached showing the boundaries of the

parcels, the location of buildings thereon, and the driveway which is the subject of dispute in the present case.

On January 30, 1941, the Alabastine Company sold and conveyed parcel two and the building thereon by warranty deed to de-

MAP OF
ALABASTINE COMPANY PROPERTY
ON SE¼ NE¼ SECTION 2 T6N. R. 12W.
WILLIAMS & WORKS                    JANUARY 29,1941
REGISTERED SURVEYORS                         Nº 11934

Plaintiff's
Exhibit
1

_____ Indicates the boundaries of parcel one now owned by plaintiffs.
— — — — — Indicates the boundaries of parcel two now owned by defendant.
Letters A, B, C, and D indicate units of the building on parcel one.
Letters M and N designate units of the building on parcel two.

fendant Dossin's. Following this sale the passageway which connected the buildings on parcels one and two was removed, and the buildings were disconnected. Thereafter each company continued its business in the building on the parcel owned by it. It should be noted that in its warranty deed of parcel two, the Alabastine Company did not reserve an easement or any rights whatever in the existing driveway over parcel two. However, it continued to use this driveway in common with defendant.

On February 24, 1944, the Alabastine Company was adjudged bankrupt, and on June 8, 1944, its trustee in bankruptcy sold and conveyed by deed all right, title, and interest of the bankrupt in parcel one and building thereon to plaintiffs Richard Levy and Arnold A. Schwartz. This deed to plaintiffs, after describing parcel one by metes and bounds, stated in part: "Including * * * any and all rights of the Alabastine Company of ingress and egress to the said property (parcel one) and use of railroad sidings." Following their purchase of parcel one, plaintiffs continued the paint manufacturing business which they had acquired from the trustee in bankruptcy of the Alabastine Company and used the driveway over parcel two for access to their building on parcel one. However, trouble arose over their continued use of the driveway, and on May 29, 1945, defendant notified them in writing as follows:

"Please take notice that on and after August 1, 1945, we will no longer permit you to use the driveway over our premises (parcel two) at 903 Chicago drive S. W., Grand Rapids 9, Michigan.

"We are giving you this sixty days notice so that you will have ample time to make other arrangements."

Following the expiration of this 60-day period and on August 3d, defendant erected a barrier across the driveway, which prevented plaintiffs' use thereof over parcel two. On August 6th plaintiffs filed complaint and later an amended complaint, alleging in substance that when the Alabastine Company conveyed parcel two to defendant Dossin's, it was understood and agreed between those parties that Alabastine reserved an easement for driveway purposes over parcel two, but that through mutual mistake this reservation was omitted from the deed. They further alleged that by their purchase of parcel one from the trustee in bankruptcy of Alabastine, they had acquired this easement. They also alleged that they had no means of access to their building on parcel one except by use of the driveway over parcel two. They asked for a decree determining that they had an easement for driveway purposes over parcel two and that the deed of January 30, 1941, from the Alabastine Company to defendant be reformed so as to include a reservation of an easement over parcel two. The court, on plaintiffs' request, issued a temporary restraining order enjoining defendant from interfering with plaintiffs' use of the driveway over parcel two, and in pursuance of stipulation this order was continued in effect until the final determination of the case. In its answer defendant denied that the Alabastine Company had reserved an easement over parcel two, and denied that there was a mutual mistake in omitting such a reservation from the Alabastine deed of January 30, 1941. In its answer defendant alleged in substance that it was understood and agreed at the time it purchased parcel two that the Alabastine Company did not reserve an easement over said parcel. It further alleged that parcel one had a considerable frontage on Chicago drive and that plaintiffs could provide for access to their building on parcel one by establishing a driveway leading from Chicago drive. It denied plaintiffs' right to the relief sought. The case was tried by the court without a jury.

█ █ Plaintiffs first contend that there was a mutual mistake in the drafting of the warranty deed of January 30, 1941, from Alabastine to defendant and that the deed should be reformed so as to include a reservation by Alabastine of an easement for driveway purposes over parcel two. As the lands involved are located in the State of Michigan, questions presented regarding an easement over parcel two should be determined in accordance with the laws of that State. The burden is upon plaintiffs, who are asking reformation of the deed, to establish by a preponderance of the evidence that there was a mutual mistake in

omitting from the deed a reservation by Alabastine Company of an easement for driveway purposes over parcel two. Kobylinski v. Szeliga, 307 Mich. 306, 312, 11 N.W.2d 899; Moss v. Van Wagnen, 249 Mich. 218, 222, 228 N.W. 696; Miles v. Shreve, 179 Mich. 671, 679, 146 N.W. 374. It may be noted that this claim of a mutual mistake was not raised prior to the time plaintiffs filed their amended complaint on June 20, 1946, which was over five years after the claimed mutual mistake had been made.

The warranty deed from Alabastine to defendant was drafted by Mr. Mare, then president of Alabastine, and its execution was authorized by the board of directors of that company. Although this deed contained no reservation by Alabastine of an easement over parcel two, it appears that the parties discussed the matter of the continued use of the driveway over that parcel by Alabastine. The testimony is in conflict as to what was said and what oral understanding the parties had regarding the continued use of the driveway by Alabastine. The president of Alabastine testified in substance that it was understood and verbally agreed that his company reserved an easement over parcel two and that he made a mistake in omitting such a reservation from the deed. However, defendant's president denied there was a mistake in the preparation of the deed, and he testified in substance that it was understood and agreed that Alabastine did not reserve an easement over parcel two. It appears that on January 23, 1941, defendant wrote Alabastine stating in part as follows:

"We today offer the Alabastine Company of Grand Rapids, Michigan $40,000 cash for the following buildings and property: (approximate description of parcel two and building thereon) * * *

"That further and final details with reference to the use of driveway, clearance of walls, on buildings No. 1 and the removal of passageways between buildings Nos. 2A and 3 and survey, shall be completed at the time the sale is consummated. * * *

"The completed contract to be consummated within one week."

■■ This offer was accepted by Alabastine, and the sale was concluded and the property conveyed to defendant by the above-mentioned warranty deed. The conflicting testimony of the parties clearly indicates that the matter of the continued use of the driveway over parcel two by Alabastine was not definitely determined or agreed upon prior to or at the time of the sale of this parcel to defendant on January 30, 1941. This is borne out by the fact that two months after the sale was concluded, and apparently as a result of further negotiations, defendant wrote Alabastine on April 2, 1941, as follows:

"Re: Driveway.

"It is the intention of this letter to consent that your company may have the use of the driveway adjoining the lot line of the premises (parcel two) purchased by us under the following terms and conditions:

"You (Alabastine Company) are permitted the use of this driveway until such time as we (defendant Dossin's) deem it necessary to extend our buildings over and upon the said driveway, with the further understanding that the expenses of the maintenance of the said driveway shall be prorated between your company and ours in proportion to the use of each of our companies.

"We will, of course, give you reasonable notice of any intention upon our part of extending our buildings or declaring the driveway no longer to exist."

On April 4th the Alabastine Company replied to the above letter in part as follows:

"We have your letter of April 2d with regard to the driveway on the premises purchased by the Dossin's Food Products from the Alabastine Company, and this is satisfactory with us, but we do feel that a definite period of notice should be given rather than just 'reasonable notice.'

"Why not say a period of 60 days, and that would give us plenty of time to arrange another driveway."

This correspondence clearly establishes that Alabastine's continued use of the driveway over parcel two was permissive and by license and was subject to termination by defendant on 60 days' notice. When the

trustee in bankruptcy of the Alabastine Company conveyed parcel one to plaintiffs on June 8, 1944, he conveyed only such rights over parcel two as Alabastine held and owned at the time it was adjudged bankrupt. Therefore, by their purchase of parcel one, plaintiffs acquired only a permissive right and license to use the driveway over parcel two.

█ The law has long been established in Michigan that a high degree of care and caution should be exercised in reforming written instruments affecting title to land. The court said in Case v. Peters, 20 Mich. 298, 303: "It would, we think, be exceedingly dangerous, and tend to weaken confidence in titles generally, if the effect of deeds of conveyance, leases or other written evidences of title could be thus changed by a verbal agreement, except in very clear cases, where the contract is proved to the entire satisfaction of the Court. It should never be done upon a slight preponderance of evidence. The Court should be satisfied beyond a reasonable doubt."

See, also, Bock v. Newkirk, 251 Mich. 447, 449, 232 N.W. 207; Retan v. Clark, 220 Mich. 493, 494; 190 N.W. 244; Miles v. Shreve, supra. In the case of Kobylinski v. Szeliga, supra, the court said at page 312 of 307 Mich., at page 901 of 11 N.W.2d:

"The rule as to reformation of a written instrument was stated by Mr. Justice Butzel in Sobel v. Steelcraft Piston Ring Sales, Inc., 294 Mich. 211, 217, 292 N.W. 863, 866, as follows:

" 'Reformation may be granted in a proper case for mutual mistake. DeGood v. Gillard, 251 Mich. 85, 231 N.W. 102. The burden of establishing the mistake is on the party seeking to reform. Lahey v. Hackley Union National Bank, 270 Mich. 438, 259 N.W. 130. The evidence must be clear and convincing and must establish beyond cavil the right to reformation. Schuler v. Bucuss, 253 Mich. 479, 235 N.W. 226; Donaldson v. Hull, 258 Mich. 388, 242 N.W. 732.' "

In Miles v. Shreve, supra, the court said at page 679 of 179 Mich., at page 377 of 146 N.W.:

"It is elementary that the burden of proof is strongly upon the party asking reformation of a written instrument on the ground of mistake. The proof of mistake must be clear and convincing. 16 Cyc. 70; Vary v. Shea, 36 Mich. 388; Case v. Peters, 20 Mich. 298.

" 'Courts of equity do not grant the high remedy of reformation upon a probability, nor even upon a mere preponderance of evidence, but only upon a certainty of the error.' Pomeroy's Equity Jurisprudence, vol. 2 (3d Ed.) § 859.

"The mistake must be mutual. For relief by reformation in equity, it is essential that the error be made by both parties, and that it be admitted by defendant or distinctly proven. Young v. McGown, 62 Me. 56; Ludington v. Ford, 33 Mich. 123; Dougherty v. Dougherty, 204 Mo. 228, 102 S.W. 1099."

In the case of Schuler v. Bucuss, 253 Mich. 479, 481, 235 N.W. 226, 227, the court said: "The law is thoroughly settled that solemnly written instruments entered into between competent parties should not be altered or reformed on the theory of mistake, except the mistake is mutual and the evidence so clear as to establish the right to relief beyond cavil. Youell v. Allen, 18 Mich. 107; Long v. Bibbler, 225 Mich. 261, 196 N.W. 349; Retan v. Clark, 220 Mich. 493, 190 N.W. 244; Degood v. Gillard, 251 Mich. 85, 231 N.W. 102."

See, also, Emery v. Clark, 303 Mich. 461, 470-473, 6 N.W.2d 746; Brenner Co. v. Brooker Engineering Co., 301 Mich. 719, 724, 4 N.W.2d 71; Sobel v. Steelcraft Piston Ring Sales, Inc., 294 Mich. 211, 217, 292 N.W. 863; Coyne v. Simrall Corporation, 6 Cir., 140 F.2d 574, 577.

█ The Alabastine deed of January 30, 1941, conveying parcel two to defendant was the customary form of straight warranty deed without any reservation or even a mention of Alabastine's intention to reserve an easement over that parcel. All prior negotiations between the parties relative to the purchase of parcel two by defendant and the reservation of an easement by Alabastine were merged in this deed. The above-quoted letter of April 2,

1945, from defendant to Alabastine and its reply of April 4th clearly indicate a mutual understanding and agreement between these parties that Alabastine's continued use of the driveway over parcel two was permissive and by license and could be terminated by defendant on 60 days' notice. The court cannot make a new and different agreement between them. This correspondence negatives plaintiffs' claim that there was a mutual mistake in the preparation of the deed conveying parcel two to defendant. The president of Alabastine may have personally made a mistake in drafting the deed, but the evidence fails to establish that there was a mutual mistake by both Alabastine as grantor and defendant Dossin's as grantee. Plaintiffs having failed to establish by a preponderance of the evidence that there was a mutual mistake in the preparation of the deed, they are not entitled to reformation of the deed.

Plaintiffs next contend that there was an implied reservation by the Alabastine Company of a continuous easement and right of way for driveway purposes over parcel two. Defendant denies that there was such an implied easement, because the claimed easement over said parcel was not a way of necessity for Alabastine but was only a way of convenience. The distinction between a continuous and a noncontinuous easement over land has been well recognized by Michigan courts. In the case of Burling v. Leiter, 272 Mich. 448, 454-456, 262 N.W. 388, 390, 100 A.L.R. 1312, the court said:

"Easements are divided into continuous easements and noncontinuous or discontinuous easements. * * * Morgan v. Meuth, 60 Mich. 238, 27 N.W. 509; Zemon v. Netzorg, 247 Mich. 563, 226 N.W. 242; Gale Easements (10th Ed.) p. 30; Washburn's Easements and Servitudes (4th Ed.) p. 107. * * *

"A continuous easement is one, say the authorities, which may be enjoyed without any act on his part, as a waterspout which discharges the water whenever it rains—a drain by which surface water is carried over land—windows through which light and heat enter, etc. A noncontinuous easement is one to the enjoyment of which the act of the party is essential, and of this class a way is the most usual. Lampman v. Milks, 21 N.Y. 505; Polden v. Bastard, L.R. 1 Q.B. 156 (122 Eng.Rep. 456, 7 B. & S. 130, 35 L.J.Q.B. 92, 13 L.T. 441, 14 W.R. 198); Providence Tool Co. v. Corliss Steam Engine Co., 9 R.I. 564; Elliott v. Rhett, 5 Rich.Law (S.C.), 405, 57 Am.Dec. 750; Denton v. Leddell, 23 N.J.Eq. 64; Morgan v. Meuth, supra; Zemon v. Netzorg, supra.

"The quality or characteristic of continuousness does not belong to a right of way. Such an easement is not self-operating. * * *

"It has no existence during the continuance of unity of seizin, and upon severance of the tenements does not pass unless it is a way of necessity or the operative words of the conveyance are sufficient to grant it de novo. * * *

"The decided weight of authority, both English and American, is to the effect that an easement not of strict necessity will not pass by implied grant unless it be apparent and continuous. Bonelli Bros. v. Blakemore, 66 Miss. 136, 5 So. 228, 14 Am.St. Rep. 550; Zemon v. Netzorg, supra.

"No implication of a grant of a right of way can arise from proof that the land granted cannot be conveniently occupied without it. Its foundation rests upon necessity, not upon convenience."

In Dimoff v. Laboroff, 296 Mich 325, 296 N.W. 275, the court held that no implication of an easement can arise from proof that the land granted cannot be conveniently occupied without it, because an implied easement rests upon necessity and not upon convenience. See, also, Milewski v. Wolski, 314 Mich. 445, 22 N.W.2d 831, 164 A.L.R. 998; Waubun Beach Association v. Wilson, 274 Mich. 598, 265 N.W. 474, 103 A.L.R. 983; Zemon v. Netzorg, supra.; Wilkinson v. Hutzel, 142 Mich. 674, 106 N.W. 207; Morgan v. Meuth, 60 Mich. 238, 27 N.W. 509.

In Zemon v. Netzorg, supra, the court stated at page 566 of 247 Mich., at page 243 of 226 N.W.: "The premises of plaintiff front on Jefferson avenue. He seeks to establish an easement over adjacent property to reach the back part of his premises

from Meldrum avenue. He is not entitled to a right of way over the lands of defendant of necessity. His premises are accessible from Jefferson avenue without the use of the claimed easement. Because the front of his lot is entirely covered with buildings gives him no right in property he does not own."

In Burling v. Leiter, supra, the court said at pages 459, 460 of 272 Mich., at page 392 of 262 N.W., 100 A.L.R. 1312:

"Defendants' property faces Sanford street. They have the right of access thereto from the street. There is no intervening property. That it is more convenient to pass over the lands of plaintiff does not give defendants a right of way of necessity or easement over such land. There is no such thing as a way of necessity over the lands of another to reach premises to which the person claiming the easement has access from a public highway.

"One who owns a parcel of land with buildings clear across it that exclude the possibility of reaching the rear part of it without passing over the lands of another cannot thereby create a right of way of necessity because of his having obstructed the convenient way of access by buildings."

The above-cited authorities clearly establish the rule in Michigan that an easement over land will not be implied unless the facts and circumstances clearly indicate that it is a way of necessity and not merely a way of convenience. In the present case it was undoubtedly more convenient for the Alabastine Company as the owner of parcel one to use the driveway over parcel two. However, this driveway was not a way of necessity, because Alabastine had a frontage of 90.9 feet on Chicago drive and could have provided for ingress to and egress from its building on parcel one by a driveway leading from this frontage. The fact that it would be inconvenient or expensive to establish a new driveway would not, under the facts and circumstances shown, justify the creation by implication of an easement over parcel two. As the Alabastine Company was not entitled to an implied easement over parcel two, plaintiffs, as its successors in title to parcel one, are not entitled to an implied easement.

Plaintiffs further contend that defendant is estopped to deny that they have an easement and right of way over parcel two. However, there is no testimony indicating misrepresentation, fraud or inequitable conduct on the part of defendant Dossin's in connection with its purchase of parcel two from Alabastine Company or in connection with plaintiffs' purchase of parcel one from the trustee in bankruptcy of that company. In the case of Shean v. United States Fidelity & Guaranty Co., 263 Mich. 535, 541, 248 N.W. 892, 894, the court said: "The doctrine of estoppel rests upon the inequity of permitting one to allege the existence of facts which by his own conduct he has induced another to believe did not exist. Hubbard v. Shepard, 117 Mich. 25, 75 N.W. 92, 72 Am.St.Rep. 548. To entitle a party to insist upon an estoppel he must show that the other party has done something, or represented something, which has had the effect of deceiving and misleading him, and which would render it inequitable to enforce against him the alleged right of such other party. Crane v. Reeder, 25 Mich. 303. There can be no estoppel unless a party is misled to his prejudice by the one against whom it is set up. Palmer v. Williams, 24 Mich. 328; DeMill v. Moffat, 49 Mich. 125, 13 N.W. 387; Meisel v. Welles, 107 Mich. 453, 65 N.W. 289. There can be no estoppel where one is not deceived or misled, but acts upon his own judgment and with knowledge of the facts. Northern Michigan Lumber Co. v. Lyon, 95 Mich. 584, 55 N.W. 438; Thirlby v. Rainbow, 93 Mich. 164, 53 N.W. 159. And a party cannot invoke the aid of the doctrine of equitable estoppel where it appears that the facts were known by both or that both had the same means of ascertaining the truth. Sheffield Car Co. v. Constantine Hydraulic Co., 171 Mich. 423, 137 N.W. 305, Ann.Cas. 1914B, 984."

In Kole v. Lampen, 191 Mich. 156, 157, 158, 157 N.W. 392, 393, it is stated: "It is a familiar rule of law that an estoppel arises when one by his acts, representation, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other

rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts. 16 Cyc. 722, 723. See, also, Bigelow on Estoppel (5th Ed.) 570; Dann v. Cudney, 13 Mich. 239, 87 Am.Dec. 755; 11 Am. & Eng.Enc.Law (2d Ed.) 427, 428; 16 Cyc. 759, 769."

Under the facts and circumstances of the present case, defendant is not estopped from denying plaintiffs' claim to an easement and right of way over parcel two. The court concludes that plaintiffs have failed to establish their right to an easement and right of way for driveway purposes over parcel two. Judgment will be entered for defendant dismissing plaintiffs' complaint and amended complaint.

### Findings of Fact.

1. Plaintiffs are residents and citizens of the State of Illinois and defendant is a Michigan corporation with its principal office in the city of Detroit.

2. Plaintiffs are the owners of parcel one, described as follows:

"All that certain tract, piece or parcel of land with the building and improvements thereon erected, situate, lying and being in the township of Wyoming, county of Kent and State of Michigan, more particularly described as follows:

"That part of the southeast one-fourth of the northeast one-fourth, section 2, town 6 north, range 12 west, commencing at a point on the north line of Chicago drive, formerly known as Grandville avenue, said point being 211.85 feet easterly on a 1337-foot radius curve to the left and 16.58 feet north 87 degrees 22 minutes east from the southeast corner of lot 15, block 2 of Alabastine Company's addition, as recorded in the office of the register of deeds of said county; thence north 14 degrees 49 minutes west, 235.27 feet; thence south 74 degrees 22 minutes west, 34.37 feet; thence north 15 degrees 24 minutes west, 75.90 feet; thence north 8 degrees 37 minutes west, 60.3 feet; thence north 74 degrees 33 minutes east, 125.15 feet to the west line of Pennsylvania Railroad Company's right of way; thence southeasterly along the said west line of said right of way to the said north line of said Chicago drive; thence westerly along the said north line of said Chicago drive to the point of beginning; together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining thereto, and including any and all buildings and improvements thereon and any and all rights of the Alabastine Company of ingress and egress to the said property and use of railroad sidings."

3. Defendant is the owner of parcel two described as follows:

"All that certain piece or parcel of land, situate and being in the township of Wyoming, county of Kent and State of Michigan, known and described as follows, to-wit:

"That part of the southeast one-quarter (of the) northeast one-quarter, section 2, town 6 north, range 12 west described as: "Commencing at the southeast corner of lot 15, block 2, Alabastine Company's addition to the city of Grand Rapids, thence north 87 degrees 22 minutes east along the produced south line of said addition 16.58 feet, thence easterly on a 1337-foot radius curve to the left along the north line of Grandville avenue (now Chicago drive) 211.85 feet, thence north 14 degrees 49 minutes west 235.27 feet, thence south 74 degrees 22 minutes west 34.37 feet, thence north 15 degrees 24 minutes west 75.90 feet, thence north 8 degrees 37 minutes west 60.3 feet, thence north 74 degrees 33 minutes east 125.15 feet to the west line of the Pennsylvania Railway Company right of way, thence north 13 degrees 58 minutes west along said right-of-way line 155.0 feet to the north bank of Plaster creek, thence westerly along said creek bank 269 feet more or less to the easterly line of the New York Central Railroad Company (formerly Michigan Railway Company) right of way, thence southerly along said right-of-way line 532 feet more or less to the northerly line of lot 14, block 2 of said Alabastine Company's addition, thence southeasterly 41.9 feet to the northeast corner of lot 15, block 2 of said addition, thence southerly 139 feet to beginning. Area 3.02 acres."

4. There was no mutual understanding or agreement between the Alabastine Company and defendant Dossin's that Alabas-

tine reserved an easement for driveway purposes over parcel two.

5. The omission in the warranty deed of January 30, 1941, from Alabastine Company to defendant of a reservation by Alabastine of an easement over parcel two, was not a mutual mistake.

6. The Alabastine Company's continued use of the driveway over parcel two was by the permission and license of defendant, and this permission and license could be terminated by defendant upon 60 day's notice.

7. An easement and right of way over parcel two was not a way of necessity for Alabastine Company or plaintiffs, as the owners of parcel one, but was only a way of convenience.

8. Parcel one has a frontage of 90.9 feet on Chicago drive, and the Alabastine Company, and plaintiffs as its successors in title, could provide for access to the building on this parcel by establishing a driveway leading from Chicago drive.

9. When plaintiffs purchased parcel one from the trustee in bankruptcy, they knew the boundaries of the parcel and the location and accessibility of the building thereon, and although they failed to do so, they could easily have ascertained what rights they acquired in the driveway over parcel two.

10. The evidence does not establish misrepresentation, fraud or inequitable conduct on the part of defendant Dossin's in connection with its purchase of parcel two or in connection with plaintiffs' purchase of parcel one.

### Conclusions of Law

1. This court has jurisdiction of the parties and of the subject matter of this suit.

2. The omission of a reservation of an easement over parcel two in the deed of January 30, 1941, from Alabastine Company to defendant was not a mutual mistake.

3. Alabastine Company's continued use of the driveway over parcel two after it

conveyed that parcel to defendant Dossin's was by the permission and license of defendant, and its use of the driveway could be terminated by defendant upon 60 days' notice.

4. By their purchase on June 8, 1944, of parcel one from the trustee in bankruptcy of the Alabastine Company, plaintiffs acquired only such rights in the driveway over parcel two as Alabastine had held and owned at the time it was adjudicated bankrupt on February 24, 1944.

5. By their purchase of parcel one plaintiffs acquired only a permissive right and license to use the driveway over parcel two and such right and license were terminated by defendant Dossin's on August 1, 1945.

6. A right of way over parcel two was not a way of necessity for either Alabastine Company, or plaintiffs as the owners of parcel one, but was only a way of convenience for them. As a right of way over parcel two was only a way of convenience, an easement will not be implied over said parcel.

7. Defendant Dossin's was not guilty of misrepresentation, fraud or inequitable conduct in connection with its purchase of parcel two from Alabastine Company or in connection with plaintiffs' purchase of parcel one from the trustee in bankruptcy.

8. In the absence of proof of misrepresentation, fraud or inequitable conduct on the part of defendant, it is not estopped from denying plaintiffs' claim of an easement over parcel two.

9. Plaintiffs failed to establish their claim of an easement for driveway purposes over parcel two.

10. Plaintiffs are not entitled to reformation of the warranty deed of January 30, 1941, from Alabastine Company to defendant Dossin's.

11. Defendant is entitled to a judgment in its favor dismissing plaintiffs' complaint and amended complaint.

12. Defendant is entitled to recover costs.