A. E. WOOD & CO. v. STANDARD DRUG STORE.

1. FRAUD—MISTAKE—EQUITY—REFORMATION—LANDLORD AND TENANT.

A suit to reform a lease does not lie on the alternate ground of fraud or mistake because the lease included no clause or stipulation that the lessor should heat the leased portion of the building, where evidence failed to show mistake on the part of the lessor in omitting such proviso, but rather established an intentional omission, as a mutual mistake is necessary to warrant equitable relief.

2. SAME—EXECUTION.

And the trial court properly dismissed the bill, upon testimony which did not prove fraud and merely showed that the lessee neglected to examine the contract before signing it.

Appeal from Wayne; Withey, J., presiding. Submitted June 7, 1916. (Docket No. 20.) Decided July 21, 1916.

Bill by A. E. Wood & Company against the Standard Drug Store to reform a lease on the ground of mistake or fraud. From a decree dismissing the bill of complaint, complainant appeals. Affirmed.

*Campbell & Dewey,* for complainant.

*A. G. Pitts,* for defendant.

The plaintiff, a corporation engaged in the millinery business, was a tenant of the defendant, engaged in the drug business, on certain premises located on Gratiot avenue, in the city of Detroit. The defendant had leased the entire building, and itself occupied the ground floor. The plaintiff occupied the three upper floors from July 22, 1908, and from October 14, 1909, it occupied all the five floors of the building above the ground floor. The two leases expired simultaneously on the 1st day of August, 1913. By the terms of the first lease the defendant covenanted as follows: "Party of the first part to heat said premises suitably and sufficiently"; and in the second lease, "to heat said premises satisfactorily and sufficiently." Negotiations were begun in the early part of 1913 relative to an extension or renewal of these leases, and culminated in an informal memorandum being signed by the plaintiff and defendant on February 12, 1913, specifying the terms, the rent reserved—which was over 100 per cent. above the rent plaintiff was paying—and the space demised. After a lapse of six months and when the new term had begun on August 13, 1913, the formal lease was executed by the parties by their respective presidents. It was drawn in the office of the defendant and brought by the stenographer of Mr. Cunningham, defendant's president, to the plaintiff and left with its president, Mr. Wood, with whom it remained three days before he signed it, which he claims he did without reading it. When the first cold

weather came in the fall and heat was needed, Mr. Wood was informed by the defendant's porter that heat would no longer be furnished, and upon making complaint he was told to examine the lease, and, when Mr. Cunningham's attention was called to it, was informed by him that provision for heat had been left out intentionally, and that he did not intend to heat the building. After some discussion an arrangement for the winter of 1913-14 was arrived at, by which the defendant furnished the coal and the plaintiff the man to take care of the furnace. The next spring defendant moved out, and another tenant moved in, and the plaintiff was obliged to furnish coal for the winter of 1914-15, and the winter of 1915-16, which plaintiff claims resulted in damage to him in the sum of at least $385. The building is heated by a single furnace located in the basement, and the plaintiff claims that it is impossible to heat any section of the building without heating the other. This bill is filed to reform the lease because of fraud or mistake in not including the heating provision therein. At the close of plaintiff's proof on motion of defendant's counsel the trial judge dismissed the bill. From a decree so holding an appeal is taken.

KUHN, J. (*after stating the facts*). It is the settled rule in this State that in order to reform a written contract on the ground of mistake, such mistake must be mutual and common to both parties to the contract. *Ludington* v. *Ford*, 33 Mich. 123; *Bush* v. *Merriman*, 87 Mich. 260 (49 N. W. 567); *Burns* v. *Caskey*, 100 Mich. 94 (58 N. W. 642); *Kinyon* v. *Cunningham*, 146 Mich. 430 (109 N. W. 675). This record is barren of any testimony that would indicate that there was any mistake on the part of the defendant in omitting from the lease the provision in question. In fact it clearly appears that Mr. Cunningham, upon having his atten-

tion called to it, insisted that the omission was deliberate and intentional. No relief can be predicated on the ground of mistake.

We are also of the opinion that the proofs are not sufficient to make out a case of fraud. The lease, after being drawn by the defendant, was in the possession of the plaintiff for three days before it was signed. It is claimed that the plaintiff had a right to assume that the lease was the same as the old lease. But it appears that other and substantial changes were made in the terms of the lease other than the omission of the heating provision. It is elementary that fraud is not to be lightly presumed, but must be firmly established by proof. Plaintiff's neglect to examine the writing which he signed cannot be made the basis of a charge of fraud. It may be reasonably contended that if the omission to insert the provision had been called to the attention of the defendant at the time of signing, the lease might not have been executed at all.

The plaintiff has failed to make out a case for the interposition of equity, and the decree, dismissing the bill, is therefore affirmed, with costs to the defendant.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.