FLAMMER *v.* CULLEN.

1. EQUITY — SPECIFIC PERFORMANCE — JURISDICTION — ESTATES OF DECEDENTS.

The court of equity has jurisdiction to decree specific performance of a land contract and to make a division of the balance of the purchase price, which was paid into court, where the vendors, husband and wife, had both died, and the representatives of their estates were in disagreement as to the division of the fund.

2. SAME—PROBATE COURTS—ESTATES OF DECEDENTS.

The probate court has concurrent jurisdiction with the chancery court to enforce the contract, and complainants had the right to elect in which court they would proceed, but the probate court has sole jurisdiction to determine how much one estate is indebted to the other. Act No. 314, chaps. 51, 60, Pub. Acts 1915 (3 Comp. Laws 1915, § 14038 *et seq.*).

3. SAME—JURISDICTION—ACCOUNTING—ESTATES OF DECEDENTS.
   While under section 9383, 3 Comp. Laws, 3 Comp. Laws
   1915, § 13880, an administrator may bring an action against
   a person for an accounting and such person may set off
   any demand he may have against the estate, it does not
   authorize a suit by him against an estate for an account-
   ing, and, since the chancery court has no jurisdiction
   to allow a claim against an estate, in a suit by third par-
   ties against the administrators of two estates, the chan-
   cellor properly refused an accounting between the estates.

Appeal from Wayne; Codd, J. Submitted June 26,
1916. (Docket No. 116.) Decided March 29, 1917.

Bill by Frank Flammer and another against James
Cullen, special administrator of the estate of George
Flammer, deceased, and Samuel J. Hunter and Frank
Flammer, executors of the will of Kresenz Flammer,
deceased, for specific performance of a land contract,
for an accounting and other relief. From a decree
for complainants, defendants Hunter and Flammer
appeal. Affirmed.

*F. Henry Wurzer,* for complainants.

*Walker & Spalding,* for defendants Hunter and
Flammer.

BIRD, J. Plaintiffs show by their bill that on Sep-
tember 23, 1911, George Flammer and his wife, Kres-
enz Flammer, sold to them on land contract a parcel
of land situate in the city of Detroit, and described
as lots 2, 3, and 4 of the subdivision of lot 4 of Edwin
Jerome's survey, etc., for the sum of $3,500. $1,000
was paid when the contract was executed, and $700
subsequently thereto; that the balance, amounting to
$1,800 and accrued interest, is now due, and they are
desirous of paying the same and getting a conveyance
thereof; that in March, 1913, Kresenz Flammer died,
and defendants, Hunter and Flammer, were duly ap-
pointed as executors to represent her estate, and in

May, 1914, the said George Flammer died, and his estate is now represented by the defendant Cullen, as special administrator. Plaintiffs further show that they are unable to obtain a conveyance of said premises from either the representatives or heirs of said estate, because they are unable to agree among themselves in what proportion the fund, which is tendered into court, shall be divided between them. The representatives of George Flammer's estate insist upon a division of the fund in the same proportion that George and Kresenz owned the premises when the contract was made. This would result in a division approximately in the proportion of one-fifth to the estate of George and four-fifths to the estate of Kresenz. The representatives of Kresenz's estate insist that they are entitled to the entire fund paid into court because the previous amounts paid upon the contract were paid to George Flammer, and Kresenz's share was never fully paid over to her. They further insist that they are entitled to an accounting to determine how much of the purchase money which was paid directly to George was still in his hands at the date of his decease. The chancellor ordered the contract enforced and the fund tendered into court divided in the proportion of the respective interests of George and Kresenz in the premises at the date of the contract, but refused to order an accounting on the ground that he had no jurisdiction to allow a claim against the estate of George Flammer; that being a matter within the jurisdiction of the probate court.

Without doubt, the chancellor had the authority to decree the performance of the contract and to make a division of the fund which was paid into court, and we think he was right in holding that the settlement of the joint account between the parties for moneys which went into it while they were living was a question for the probate court. The probate court had jurisdiction of both estates when this litigation began,

and plaintiffs had the right to elect in which court they would proceed. Act No. 314, chap. 60, Pub. Acts 1915 (3 Comp. Laws 1915, § 14038 *et seq.*). The probate court has concurrent jurisdiction with the chancery court to enforce the contract (*Id.*), but it has sole jurisdiction to determine how much one estate is indebted to the other. Act No. 314, chap. 51, Pub. Acts 1915 (3 Comp. Laws 1915, § 13764 *et seq.*).

Our attention has been called to the case of *Yalomstein* v. *Yalomstein*, 190 Mich. 615 (157 N. W. 372), in which this court approved the action of the chancery court in allowing an account owing from one estate to another, and it is argued that that case is authority for what is asked here. There are differences which make the present case easily distinguishable from the one cited. In the *Yalomstein Case* the amount of the claim was agreed upon, whereas in the present case the question as to how much there is due is contested. Another point of difference is that in the case cited the allowance of the claim was a question incidental to the main question, which was a charge of fraud. In the instant case the question as to how much is due, if anything, is the gist of the controversy. The court indicated in the *Yalomstein Case* that had the question not been one that was incidental to the main question it would not have been approved.

Counsel make the further point in support of their contention that the chancery court has jurisdiction to entertain a suit commenced by an administrator. True, the statute gives this right (3 Comp. Laws, § 9383 [3 Comp. Laws 1915, § 13880]), and the following section provides that when the administrator commences an action against a person, that person may set off any demand he may have against the claim of the estate, but these statutes are not helpful in the present suit because it was not begun by the administrator of either estate, but by third parties under a special stat-

ute. Section 9383 would undoubtedly authorize the administrator to commence an action against a person for an accounting, but it would hardly be contended that it was authority for a suit by an administrator against an estate for an accounting.

The decree made by the trial court was the proper one, and will be affirmed. Complainants will recover their costs in this court.

KUHN, C. J., and STONE, MOORE, and BROOKE, JJ., concurred with BIRD, J. OSTRANDER and STEERE, JJ., concurred in the result. PERSON, J., took no part in the decision.