GUSTIN *v.* McKAY.

1. DEEDS—EQUITY—MISTAKE—EVIDENCE.
   On a bill to correct a deed evidence *held,* sufficient to sustain the finding that the grantor possessed a one-half interest only in the lands described therein and that by mutual mistake the deed was made to convey the entire interest, instead of the interest of the grantor.

2. EQUITY—ACCOUNTING—ESTATES OF DECEDENTS—CLAIMS—JURISDICTION.
   On a bill against the administratrix of an estate and another to correct a deed conveying to the decedent certain premises held by the grantor and plaintiff in common and for an accounting for advances made by plaintiff in excess of his share of expenditures on the lands, *held,* that a court of chancery had no jurisdiction to determine how much the estate might be indebted to plaintiff and that his remedy was by the presentation of a claim to the commissioners of the estate.

Appeal from Alpena; Emerick, J. Submitted October 17, 1916. (Docket No. 160.) Decided May 31, 1917.

Bill by Henry K. Gustin against Agnes McKay, administratrix of the estate of James D. McKay, deceased, and guardian of the person and estate of Leonard J. McKay, and another, for the correction of a deed and other relief. From a decree for plaintiff, defendants appeal. Affirmed.

*I. S. Canfield,* for plaintiff.

*Dayton W. Closser,* for defendants.

BIRD, J. Plaintiff, on behalf of himself and Mr. Llewellyn Colwell, purchased at the May (1913) tax sale a large number of descriptions of land situate in Alpena county and had deeds issued therefor to Josie

E. Colwell, the wife of Llewellyn. Josie Colwell continued to hold the legal title to the descriptions, or to such parcels thereof as were not redeemed or disposed of, until the decease of her husband, which occurred in the latter part of the year 1904. In June, 1905, she conveyed by quitclaim deed the remaining descriptions to James D. McKay, the bookkeeper and confidential man of plaintiff. In August, 1907, Josie Colwell conveyed an undivided one-half interest in the same descriptions to plaintiff. This deed contained the following recital:

"This deed is given for the purpose of conveying to Henry K. Gustin, his undivided one-half interest in these lands. Each of us originally owned an undivided one-half interest in said lands, but the title to the entire interest stood in my name. I heretofore, on the 1st day of June, 1905, by quitclaim deed, conveyed my one-half interest in said lands to James D. McKay, of Alpena, Mich."

Matters drifted along with no further change in the title until after Mr. McKay's death, when Agnes, his wife, was appointed administratrix of his estate, and attempted to sell one of the descriptions included in the list. It then developed that Mrs. McKay, on behalf of her husband's estate, claimed the entire interest in the descriptions rather than an undivided half interest. Plaintiff thereupon filed this bill to have the deed from Josie Colwell to James D. McKay corrected, so as to convey an undivided one-half interest, instead of the whole of said interest. The bill also prayed for an accounting of their dealings with reference to said lands.

The claim of plaintiff is that these lands were purchased and paid for by him and Colwell, and were deeded to Mrs. Colwell as a matter of convenience; that Mr. McKay, plaintiff's bookkeeper, was desirous of being taken in on some of these purchases, and after Mr. Colwell's death he purchased Mr. Colwell's

interest, and by mistake a conveyance was made of the entire interest, instead of an undivided one-half thereof. At the conclusion of the proofs the chancellor was of the opinion that the mistake was a mutual one and ought to be corrected and a decree was so made. We are of the opinion that the decree is right in this respect. The book and documentary evidence, much of which is in the handwriting of Mr. McKay, considered in connection with the undisputed testimony, is very persuasive that McKay bought only a half interest, and that he never claimed to own the whole. Objection is taken to certain testimony of plaintiff as being incompetent under the statute. We think there was sufficient competent testimony to justify the chancellor in reaching the conclusion which he did. The question is one purely of fact, and we shall refrain from reviewing it in detail, as it would be of no benefit to the profession.

That portion of the decree which provides for an accounting of the dealings of plaintiff and McKay with reference to said lands must be eliminated, as a court of chancery has no jurisdiction to determine how much the estate of James D. McKay may be indebted to the plaintiff. *Flammer* v. *Cullen*, 194 Mich. 585 (161 N. W. 846). So far as the record shows their relations were those of tenants in common of the lands, and if plaintiff has advanced more than his share of the expenditures in connection therewith, his remedy is to present his claim to the commissioners of the McKay estate for allowance.

With this part of the decree eliminated, it will be affirmed. No costs will be allowed either party.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.