## RETAN *v.* CLARK.

1. REFORMATION OF INSTRUMENTS—PROOF MUST BE CLEAR AND CONVINCING.

    To warrant reformation of an instrument, the proof must be clear and convincing.

2. SAME—MUTUAL MISTAKE—CONCEALMENT OF MISTAKE—EQUITY.

    Although as a general rule equity will not relieve by reformation of an instrument unless the mistake is mutual, where the vendors in a land contract by mistake left out as part of the consideration to be paid by the vendees the unpaid installments of a paving tax, which mistake was noticed by the vendees and concealed, such inequitable conduct accompanying the mistake was properly held sufficient ground for reformation of the contract accordingly.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted October 10, 1922. (Docket No. 73.) Decided November 2, 1922.

Bill by Elmer Retan and another against Frank Clark and others for the reformation of a land con-

On relief from mistake of law as to effect of instrument, see comprehensive note in 28 L. R. A. (N. S.) 785.

tract.    From a decree for plaintiffs, defendants appeal.    Affirmed.

*Andrew L. Moore,* for plaintiffs.
*Doty & Cram,* for defendants.

CLARK, J.    The bill was filed to reform a land contract between plaintiffs as vendors and defendants Clark as purchasers.    The consideration named in the contract was $8,000.    The consideration actually agreed upon by the parties and which should have been stated in the contract, as claimed by plaintiffs, was $8,000 and "the unpaid installments of paving taxes assessed against the premises."    The trial court reformed the contract accordingly.    Defendants have appealed.    The defendants Baxter, McGaffey and Glaspie are subsequent purchasers with notice and are not hereinafter mentioned.

We have read the testimony of plaintiffs, of the real estate agents who acted between the parties, of the scrivener who prepared the contract, and of defendants.    The proof to warrant reformation must be clear and convincing.    *Miles* v. *Shreve,* 179 Mich. 671.    We think it is of that character and that it was the agreement and understanding of the parties that defendants should pay the paving taxes.    It is not clear that the scrivener made the mistake.    Rather it appears that plaintiffs neglected or forgot to have the contract recite the agreement respecting the taxes. The mistake was on the part of plaintiffs.    Defendants observed during the preparation of and at the time of signing the contract that the provision relative to payment of the taxes had been left out.

Defendant Frank Clark testified:

"*Q.* You told Elmer Retan after the contract was drawn sometime, that you sat there in the office and heard the contract dictated and noticed nobody said anything about the paving taxes, didn't you?

"*A.* I don't know as I told that to Mr. Retan in those words.

"*Q.* Substantially that, you told him?

"*A.* I couldn't swear to it.

"*Q.* You did talk or comment on the fact your attention was called to the omission of any statement regarding the paving taxes at the time the contract was drawn?

"*A.* Mr. Retan admitted to me his mistake, didn't have it in there.

"*Q.* And you said in reply that your attention was called to the fact that nothing was said about it when the paper was drawn?

"*A.* I don't know, I think I did.

"*Q.* You were conscious at the time this was drawn that there was nothing being said in the contract about the paving taxes, weren't you?

"*A.* Yes, sir.

"*Q.* It was in your mind?

"*A.* It was."

Defendants were silent as to such omission, but after the contract was signed defendant Frank Clark sought counsel of his rights under such contract. He testified:

"*Q.* You testified you asked me in the office if your rights were protected in this contract as much as Mr. Retan's?

"*A.* Yes, sir.

"*Q.* At the time you asked that question you had in mind whether or not in view of the fact that the paving tax wasn't mentioned, you could be held to pay it, didn't you?

"*A.* No, sir.

"*Q.* What did you have in mind?

"*A.* I had in mind the fact that the details of this contract between Mr. Retan and I was as binding on him as it was on me.    I wanted to get your opinion.

"*Q.* You knew that the paving tax item was being left out?

"*A.* It was never mentioned.

"*Q.* You knew that it was being left out, didn't you?

"*A.* How could it be left out—

"*Q.* Answer my question. You knew that the paving tax was being left out of this contract?

"*A.* Yes, sir."

So it appears that defendants signed the contract knowing that it said nothing of such taxes and that plaintiffs signed it under mistake. It is a general rule that equity will not relieve by reformation unless the mistake is mutual. *A. E. Wood & Co.* v. *Standard Drug Store,* 192 Mich. 453; *Schlossman* v. *Rouse,* 197 Mich. 399; *Standard Oil Co.* v. *Murray,* 214 Mich. 299; *Gustin* v. *McKay,* 196 Mich. 131. But here there was mistake on the part of the plaintiffs and knowledge of the mistake and concealment thereof on the part of the defendants, both producing the inequitable result. Of a case of this class it is said in 23 R. C. L. p. 331, citing cases:

"There is, however, still another class of cases: that where one party to an instrument has made a mistake and the other party knows it and conceals the truth from him. Such inequitable conduct accompanying a mistake is generally held to be sufficient ground for reformation of the instrument in question."

And see note 28 L. R. A. (N. S.) 851.

We think the trial court was right in reforming the contract.

The decree is affirmed.

Fellows, C. J., and Wiest, McDonald, Bird, Sharpe, and Steere, JJ., concurred. Moore, J., did not sit.