### DAVIS v. KEYS.

REFORMATION OF INSTRUMENTS—LAND CONTRACTS—VENDOR AND PURCHASER.

> Reformation of land contract so as to provide for payment of interest on mortgage by vendees, as provided for in preliminary agreement, was properly decreed, where it was omitted by mistake of which vendees had knowledge but concealed it from vendor.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 23, 1930. (Docket No. 146, Calendar No. 35,289.) Decided December 2, 1930.

Bill by William J. Davis and another against Charlotte McDonald Keys for specific performance of a land contract. Cross-bill by defendant for reformation and foreclosure. Decree for defendant on cross-bill. Both parties appeal. Affirmed.

*John A. Ricca,* for plaintiffs.

*Dykema, Jones & Wheat,* for defendant.

SHARPE, J. Plaintiffs, as vendees in a land contract, dated October 7, 1927, for the purchase and sale of certain property in Detroit, filed the bill of complaint herein to compel specific performance on the part of the defendant, the vendor. Defendant answered, admitting the execution of the contract, and by cross-bill prayed for its reformation in certain respects. She alleged default on the part of plaintiffs, and asked foreclosure thereof. From a decree pursuant to the prayer of the cross-bill, plaintiffs appeal.

On September 15, 1927, William J. Davis (hereafter called the plaintiff) offered in writing to purchase the premises from the defendant, and this offer was accepted in writing by the defendant. The purchase price was stated to be $40,000, payable as follows:

"Payment of the sum of $10,000 in cash or certified check and the execution of a land contract upon the Union Trust Company Form, acknowledging payment of that sum and calling for the payment of the remainder of the purchase money within two years from date of contract in two annual payments of not less than $5,000 each and interest at the rate of 6 per cent. per annum, the interest to be paid in addition to such payments, payable semi-annually. * * *

"It is understood that there is a five-year $20,000 6 per cent. straight mortgage against this property held by Berkshire Life Insurance Company, and due about May, 1932, and purchaser agrees to assume and pay such mortgage, and to accept deed subject to same when land contract is paid down to such mortgage. The said Mrs. Charlotte McD. Keys is

to pay the interest on mortgage to date of signing contract."

Provision was made for the furnishing of an abstract by the defendant. The contract was entered into on October 7th following. In it the defendant agreed to sell and convey the lot (particularly describing it),—

"in consideration of the sum of $10,000 paid to the seller by the purchaser prior to the delivery hereof, the receipt of which is hereby acknowledged, and the payment of the additional sum of $10,000 by the purchaser, together with interest on any part thereof at any time unpaid at the rate of 6 per cent. per annum while the purchaser is not in default, and at the rate of 7 per cent. per annum if the purchaser is in default, while such default continues said interest payable semi-annually, all of which purchase money and interest shall be paid in installments of not less than $5,000 each, payable October 20, 1928, next and not less than the last-named sum annually thereafter; said payments to be applied on principal and the interest paid in addition thereto: Provided the entire purchase money and interest shall be fully paid within two years from the date hereof anything herein to the contrary notwithstanding. That upon completion of the above-mentioned payments, the seller agrees to give and the purchasers agree to accept a deed subject to a mortgage for $20,000 against said property held by Berkshire Life Insurance Company, the purchasers agreeing to assume and pay said mortgage at that time."

The reformation sought by defendant is to make the contract conform to the preliminary agreement in respect to the payment of the interest on the mortgage after the date of the contract. The provision (above quoted) that "the said Mrs. Charlotte McD. Keys is to pay the interest on mortgage to date of

signing contract" was written in it by the plaintiff himself. After so admitting on cross-examination, he testified:

"I found out afterwards that it was all bunk. She is to pay the interest on the mortgage—I found afterwards that was all bunk, I found it out afterwards."

The contract of October 7th was prepared by plaintiff's attorney and under instructions from plaintiff that it should provide that the vendor should pay the interest on the mortgage until the deed was given. A copy of it was in the hands of defendant's husband for several days before its execution.

In his opinion the trial court said:

"It does not appear that the plaintiff at any time questioned the fact that they were obligated to pay interest on a deferred balance of $30,000. When the parties met to sign the land contract on October 7, 1927, John F. Keys, husband of the defendant, who was handling the deal in her behalf, called attention to the fact that the provision requiring purchaser to pay interest on the mortgage to Berkshire Life Insurance Company had been omitted. It was suggested to him that it was customary for the fee holder to pay interest on the mortgage and the purchaser to pay interest on the land contract and the inclusion of such a clause would be superfluous. He agreed. It was not called to his attention that the land contract referred to a deferred balance of only $10,000 instead of $30,000. Defendant signed the contract on her husband's statement that its terms were satisfactory."

It is apparent that the obligation of the plaintiffs to pay the interest on the mortgage after the date of the contract, as provided for in the preliminary

agreement, was changed in the contract so as to relieve them therefrom until the deed should be given, and that such change was made therein at the request of plaintiff, and that defendant, when she signed the contract, was mistaken in believing that no material change had been made in that respect. These facts justified the decree for reformation under the rule stated in *Retan* v. *Clark,* 220 Mich. 493, 496:

"But here there was mistake on the part of the plaintiffs and knowledge of the mistake and concealment thereof on the part of the defendants, both producing the inequitable result."

Defendant has also appealed for the reason that the court declined to allow her interest at the increased rate provided for in the contract on payments past due. In view of the necessity of reforming her contract before it could be enforced, we are not inclined to interfere with the decree in this respect.

It is affirmed, with costs to defendant.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.