### HOLBECK v. WILLIAMSON.

1. Reformation of Instruments—Mistake—Inequitable Conduct. Where one party to instrument has made a mistake, and other party knows it and conceals the truth, such inequitable conduct, accompanying the mistake, is generally held to be sufficient ground for reformation of the instrument.

As to reformation of instrument for mutual mistake, see annotation in 28 L. R. A. (N. S.) 900.

2. SAME—DEEDS—MISTAKE—CONCEALMENT OF TRUTH.
   Where grantee, who had agreed to pay all taxes against the land
   conveyed, noticed that grantor by mistake had omitted from
   the deed reference to unpaid installments of county road tax,
   and concealed the truth from grantor, the latter is entitled to
   have the deed reformed to accord with the agreement.

Appeal from Iosco; Dehnke (Herman), J. Submitted June 25, 1931. (Docket No. 148, Calendar No. 35,845.) Decided October 5, 1931.

Bill by Austin A. Holbeck against Frank Williamson and another to reform a warranty deed. Decree for plaintiff. Defendants appeal. Affirmed.

*Cummins & Cummins,* for plaintiff.

*Kinney & Adams,* for defendants.

FEAD, J. November 5, 1928, plaintiff and wife executed to defendant William H. Williamson an option, expiring November 15th, to purchase certain lands for $15,000. November 13th they executed to him a statutory short form warranty deed, which was delivered through a bank and the consideration paid.

Taxes for highway construction, under the Covert act, payable in installments, had been assessed against the land in 1925, and constituted a lien thereon, for the unpaid portion, at the time of sale. 1 Comp. Laws 1929, § 4339. Neither the option nor the deed mentioned taxes. Defendant paid the 1928 and subsequent installments, sued plaintiff therefor on the warranty of the deed and had judgment, but without prejudice to this suit. The suit is to reform the deed to except payment of the highway taxes from the warranty.

Fred Holbeck negotiated the sale for plaintiff, his brother, and Daniel I. Pearsall represented defendant. Holbeck did not know of the highway taxes. Pearsall did not think of them. The scrivener mentioned taxes and the agents agreed defendant should pay them. Taxes were not referred to in the instruments as the parties had in mind only the ordinary 1928 taxes, which defendant would assume as a matter of law because they would not become a lien on the land until December 1st.

However, after the option, defendant and Fred Holbeck met, discussed taxes and a promise was made. Holbeck testified that defendant agreed to pay "the taxes," and his brother was to receive $15,000 net. Defendant had consulted counsel, ascertained the fact and effect of highway taxes as a lien, and was advised that if they were not excepted from the warranty plaintiff would be liable for them. He said he promised to pay "the 1928 land tax," and that he intentionally couched his promise in such words to exclude the highway taxes.

The testimony is convincing, as the chancellor found, that defendant knew Holbeck understood that the 1928 regular taxes were the only charges against the land and that defendant's promise to pay them was accepted by Holbeck as an agreement to pay all the taxes outstanding. The manner in which defendant made the offer to pay taxes and his conscious failure to mention the highway charges justified the court's finding that he knew of Holbeck's mistake of fact and he intentionally deceived Holbeck into the belief that he would pay all the taxes. The rule is applicable:

" 'There is, however, still another class of cases: that where one party to an instrument has made a mistake and the other knows it and conceals the

truth from him. Such inequitable conduct accompanying a mistake is generally held to be sufficient ground for reformation of the instrument in question.' " *Retan* v. *Clark*, 220 Mich. 493, 496.

Decree for plaintiff, reforming the deed, is affirmed, with costs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred. WIEST, J., did not sit.