BARRYTON STATE SAVINGS BANK *v.* DURKEE.

1. VENDOR AND PURCHASER—LAND CONTRACTS—RESERVATION OF OIL
   AND GAS—OMISSION IN DEED.

   Where land contract expressly reserved in vendor a one-half
   undivided interest in the oil, gas and other minerals for a
   period of 25 years and, upon performance by the purchaser,
   the vendor was to give a good and unencumbered title in
   fee simple and no change in respect to the reservation was
   ever discussed by or between the parties and the omission
   of the reservation in the deed given, which recited it was
   given pursuant to a certain land contract, was noticed but
   not mentioned by the purchasers, the deed did not express
   completely the understanding or intent of either of the
   parties at the time the instruments were executed.

2. REFORMATION OF INSTRUMENTS—MISTAKE.

   While generally equity will not relieve by reformation unless
   the mistake is mutual, where the vendor in a land contract
   by mistake left out of deed executed in pursuance thereof
   a reservation of oil, gas and mineral rights, which mistake
   was noticed by the purchasers and not mentioned by them,
   such inequitable conduct was sufficient ground for reforma-
   tion of the deed.

Appeal from Isabella; Cash (Paul R.), J., presid-
ing. Submitted April 12, 1949. (Docket No. 51,
Calendar No. 44,091.) Decided June 6, 1949.

Bill by Barryton State Savings Bank, a Michigan
corporation, against Hayden A. Durkee and wife to
reform a deed. Decree for defendants. Plaintiff
appeals. Reversed and decree for plaintiff entered.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 45 Am Jur, Reformation of Instruments, § 62.

*Nuel N. Donley (Worcester & Worcester,* of counsel), for plaintiff.

*Edward N. Lynch,* for defendants.

DETHMERS, J.   Plaintiff sold land to defendants on land contract containing a reservation to plaintiff of "a one-half undivided interest in and to all of the oil, gas and other minerals    *    *    *    for a period of 25 years" and an agreement to convey to defendants, upon performance of the contract, "a good and unincumbered title in fee simple."   After the contract had run for a while defendants paid the unpaid balance before it was due and told plaintiff's cashier that they "wanted a good title to the place."   The cashier gave defendants a written receipt which acknowledged payment of the contract in full, made no mention of the reservation, and contained the following language:

"We hereby agree to deliver a good and sufficient deed and thereby convey to the said Hayden A. Durkee and Hazel L. Durkee and assign a good and unincumbered title in fee simple to the above described premises with their appurtenances as soon as it is possible to obtain our president's signature."

Thereafter plaintiff mailed defendants a deed which contained no reservation of oil, gas or mineral rights, but which did contain the following language, "Given pursuant to the terms of a certain land contract."

Plaintiff's bill prays that the deed be reformed to include the oil, gas and mineral reservation, alleging that it was omitted through mistake and as an oversight on plaintiff's part.   From decree for defendants, plaintiff appeals.

Defendants' statement at the time they made final payment that they "wanted a good title to the place"

and plaintiff's agreement in the receipt to "assign a good and unincumbered title in fee simple" are not inconsistent with nor do they necessarily go beyond the agreement to convey "a good and unincumbered title in fee simple" contained in the very contract which expressly reserves oil, gas and mineral rights. There is no testimony that plaintiff at any time expressed an intention or agreed to relinquish any of its rights under the contract or that defendants ever requested it. It is not shown that defendants had any reason or right to think that plaintiff was doing so aside from the bare fact that the reservation was not expressed in the receipt or deed and that the receipt provided for good and unincumbered title, the same as was agreed to be furnished in the contract. Testimony for plaintiff that the omission of the reservation from the receipt and deed was a mistake on its part stands undisputed on the record. The trial court, in consequence, found that, "In the present case the instrument did not express the intent of the plaintiff."

Distinguishing this case from those in which reformation was granted, where the mistake was made by a scrivener representing both parties, the trial court held that because here the mistake was made by the plaintiff only and not by defendants the case falls within the scope of cases holding that reformation will not be granted when the mistake is unilateral and not mutual. The latter type of cases involve situations in which the instruments sought to be reformed express the intention of one party, but, through unilateral mistake, not that of the other. This is not such a case. Here both parties intended the reservation when the contract was entered into. No change in that respect was ever discussed by or between the parties. No meeting of the minds to the contrary was shown. Defendants admitted that they did not know why plaintiff would be giving

them the reserved rights, that they noticed that the reservation was not expressed in the receipt or deed, but that they, nevertheless, said nothing about the omission to plaintiff. Under such circumstances the receipt and deed cannot be said to express completely the understanding or intent of either of the parties at the time those instruments were executed. The facts in this case are so similar to those in *Retan* v. *Clark,* 220 Mich 493, that decision there must be held controlling. In that case we said:

"The consideration named in the contract was $8,000. The consideration actually agreed upon by the parties and which should have been stated in the contract, as claimed by plaintiffs, was $8,000 and 'the unpaid instalments of paving taxes assessed against the premises.' * * *

"It is not clear that the scrivener made the mistake. Rather it appears that plaintiffs neglected or forgot to have the contract recite the agreement respecting the taxes. The mistake was on the part of plaintiffs. Defendants observed during the preparation of and at the time of signing the contract that the provision relative to payment of the taxes had been left out. * * *

"Defendants were silent as to such omission, but after the contract was signed defendant Frank Clark sought counsel of his rights under such contract. * * *

"So it appears that defendants signed the contract knowing that it said nothing of such taxes and that plaintiffs signed it under mistake. It is a general rule that equity will not relieve by reformation unless the mistake is mutual. *A. E. Wood & Co.* v. *Standard Drug Store,* 192 Mich 453; *Schlossman* v. *Rouse,* 197 Mich 399; *Standard Oil Co.* v. *Murray,* 214 Mich 299; *Gustin* v. *McKay,* 196 Mich 131. But here there was mistake on the part of the plaintiffs and knowledge of the mistake and concealment thereof on the part of the defendants, both producing the

inequitable result. Of a case of this class it is said in 23 RCL, p 331, citing cases:

" 'There is, however, still another class of cases: That where one party to an instrument has made a mistake and the other party knows it and conceals the truth from him. Such inequitable conduct accompanying a mistake is generally held to be sufficient ground for reformation of the instrument in question.'

"And see note 28 LRA NS 851.

"We think the trial court was right in reforming the contract."

See, also, *Davis* v. *Keys,* 252 Mich 580; *Holbeck* v. *Williamson,* 255 Mich 430; *Blake* v. *Fuller,* 274 Mich 534.

Decree reversed. A decree may enter in this Court providing for reformation of the deed as prayed in plaintiff's bill of complaint. Costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.