*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOA DOA, INC.,

      Plaintiff-Appellee,

and

GARDEN CITY REAL ESTATE, LLC,

      Plaintiff-Appellee/Cross-Appellant,

v

PRIMEONE INSURANCE COMPANY,

      Defendant-Appellant/Cross-Appellee.

UNPUBLISHED
May 12, 2022

No. 356877
Wayne Circuit Court
LC No. 16-003251-CB

Before: JANSEN, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

This commercial insurance dispute arises from a fire that destroyed a bar and restaurant business owned by plaintiff Doa Doa, Inc. (DDI) on property owned by plaintiff Garden City Real Estate, LLC (GCRE). Defendant PrimeOne Insurance Company (PrimeOne) insured DDI under a policy that included coverage for general liability and property damage. GCRE was named as an additional insured for the general liability coverage only. In a prior appeal, this Court reversed the trial court's order denying PrimeOne's motion for summary disposition and remanded for entry of judgment in favor of PrimeOne with respect to DDI's claims because of DDI's fraud in procuring the policy, and directed the trial court "to consider whether rescission of the insurance policy is appropriate with respect to GCRE and, if not, whether [PrimeOne] is entitled to summary disposition of plaintiffs' reformation claim." *Doa Doa, Inc v PrimeOne Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued October 31, 2019 (Docket No. 339215), p 11. On remand, the trial court granted PrimeOne's renewed motion for summary disposition with respect to GCRE's reformation claim. Thereafter, in a separate order, the court denied PrimeOne's renewed motion for summary disposition on the issue of rescission with respect to GCRE and ordered that "the property claim must be processed by PrimeOne and payment made to GCRE."

This Court granted PrimeOne's delayed application for leave to appeal the latter order.[1] GCRE has filed a cross-appeal, challenging the trial court's earlier order granting summary disposition in favor of PrimeOne with respect to GCRE's claim to reform the insurance policy to add GCRE as an additional insured for property coverage. We affirm the trial court's order granting PrimeOne's renewed motion for summary disposition with respect to GCRE's reformation claim, but reverse the trial court's opinion and order holding PrimeOne liable for property coverage to GCRE and remand for entry of judgment in favor of PrimeOne with respect to GCRE's claim for property coverage.

## I. BACKGROUND

The relevant factual background for this case is set forth in this Court's prior opinion in *Doa Doa, Inc*, unpub op at 2-4:

On October 23, 2015, Bar 153 was destroyed by fire, the cause of which was "undetermined." Bar 153 was a bar and restaurant business located in Garden City, Michigan. Jeffrey Jonna owned and operated the bar through his company, DDI, while his brother David Jonna, through his company, GCRE, owned the building and premises where the bar was located.

At the time of the fire, defendant insured DDI under a policy with coverage provisions for general liability and property damage. DDI had applied for coverage on January 24, 2015, and defendant issued the policy on February 6, 2015, eight months before the fire. The insurance policy identified DDI, doing business as Bar 153, as the named insured, and listed GCRE as an additional insured. Notably, GCRE was listed only under the general liability section of the policy, not on the property section. Thomas Dickow, the independent insurance agent who had processed the insurance application, had worked with plaintiffs in the past and was aware that GCRE owned the building housing Bar 153, and that DDI owned the business itself. Dickow testified in his deposition that he listed GCRE as the building owner and additional insured in the general liability section of the insurance application, and his intention was that the policy would cover GCRE as an additional insured and building owner under both the property and general liability provisions of the insurance policy. However, the property section of the insurance application lacks any reference to GCRE as the building owner and additional insured; that portion of the application was left blank. The parties dispute whether the policy should be reformed to add GCRE as an additional insured under the property section.

As noted, at the core of this case is DDI's response to a question in defendant's insurance application seeking the "[n]umber of police calls within the past year[.]" DDI replied, "[one] call to report a fight that broke out outside the bar[.]" In the portion of the application regarding its prior claims history, DDI

---

[1] *Doa Doa, Inc v PrimeOne Ins Co*, unpublished order of the Court of Appeals, entered June 18, 2021 (Docket No. 356877).

responded that the date of loss for a prior claim with a previous insurer was August 9, 2014, nothing was paid on the claim but the status was "open," and it was regarding a "[f]ight [that] started outside [the] bar after [the] bar was closed." Dickow testified that he did not know how many times police were called to Bar 153 in the year preceding the insurance application. He said that Jeffrey Jonna gave him this information, that he relied on the truth of the information given him, and that he did not undertake any independent investigation to verify the information.

After the fire, DDI submitted sworn statements to prove its losses, claiming $350,000 in losses for personal property and contents, and $1,142,727.76 for the building. Defendant conducted an investigation that revealed multiple instances of criminal activity at the bar in the year preceding DDI's submission of the insurance application, including several incidents involving police calls to the bar that DDI had not reported on its application for insurance. . . .

\* \* \*

After discovering these incidents, as well as others, defendant rescinded DDI's insurance policy, returned DDI's $11,425 premium, and denied plaintiffs' claim.

In the prior appeal, PrimeOne argued that it was entitled to rescind the insurance policy because of DDI's fraudulent misrepresentations in the insurance application. This Court agreed that PrimeOne was entitled to rescission with respect to DDI's claims, stating:

Viewed in the light most favorable to plaintiffs, the evidence does not yield issues on which reasonable minds could differ. Defendant presented evidence that DDI made a representation about police calls that it knew was false, that the representation was material, that it was made with the intent that defendant would rely on it to issue a policy of insurance, that defendant did rely on that misrepresentation when issuing a policy to DDI, and that defendant suffered injury. See [*Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012)]. Thus, defendant met its burden to establish that DDI engaged in actionable fraud. *Id*.; [*Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016)]. Plaintiffs disputed the materiality of the police-calls inquiry by presenting evidence designed to call into question the deposition testimony of [Stephen] Greenfield and [Woodrow] White indicating the materiality of the police-calls question by showing that defendant did not ask the same police-calls question on all of its applications for insurance. As explained above, however, plaintiffs' evidence does not set forth facts establishing a genuine issue of material fact for trial regarding the materiality of the police-calls question. *Id*. Accordingly, we conclude that defendant is entitled to summary disposition with respect to DDI's claim for coverage. *Johnson* [*v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018)]. [*Doa Doa, Inc*, unpub op at 9.]

This Court next considered PrimeOne's argument that it was also entitled to summary disposition regarding GCRE's claim for coverage under the policy. This Court acknowledged that

under *Bazzi v Sentinel Ins Co*, 502 Mich 390, 401-403; 919 NW2d 20 (2018), "an insurer may resort to traditional legal and equitable remedies on the ground of fraud in the application for insurance, including rescission, even when doing so would affect an innocent third party." *Doa Doa, Inc*, unpub op at 9. However, this Court noted that an insurer is not automatically entitled to rescission where an innocent third party's rights are implicated, and that the remedy of rescission in such a case is within the discretion of the trial court after balancing the equities of the specific case. *Id*. at 9-10. This Court further concluded that "there is no indication in the record that GCRE was involved in providing information to [PrimeOne] in support of the application for insurance." *Id*. at 10. Because the record reflected that Jeffrey Jonna, the president of DDI, provided the information in support of the insurance application, and David Jonna was not involved in this process, this Court remanded the case to the trial court "to determine whether rescinding the insurance policy as between [PrimeOne] and GCRE, named as an additional insured under the general liability section of the policy, would be equitable." *Id*. PrimeOne had also argued on appeal that the trial court should have granted it summary disposition with respect to DDI's and GCRE's claim to reform the policy to include GCRE as an additional insured under the property coverage section of the policy. Because the trial court had not decided this issue, this Court directed the trial court to consider the issue on remand. *Id*. at 11.

On remand, PrimeOne filed a renewed motion for summary disposition under MCR 2.116(C)(10) against GCRE. PrimeOne sought dismissal of GCRE's claims for coverage under the property coverage portion of the policy, arguing that it was not necessary to reach the issue whether rescission of the policy with respect to DDI was equitable against GCRE because GCRE was not an insured under the property coverage portion of the policy. PrimeOne also argued that reformation of the policy to include GCRE as an additional insured was not appropriate because there was no genuine issue of material fact regarding a unilateral mistake by GCRE, or any fraudulent conduct by PrimeOne. PrimeOne further argued, however, that to the extent the trial court weighed the equities to determine whether to rescind the insurance policy, GCRE was not an innocent party because its principal, David Jonna, was actively involved in the management of Bar 153. PrimeOne argued that GCRE was not entitled to benefit by recovering property benefits from a fraudulently obtained insurance policy.

In response, GCRE argued that the policy should be reformed to include GCRE as an additional insured under a theory of either unilateral or mutual mistake. According to GCRE, PrimeOne was aware that GCRE was the owner of the building, and the failure to include GCRE as an additional insured did not effectuate the intentions of DDI and GCRE. GCRE further argued that there was no reasonable basis for PrimeOne to identify GCRE as an additional insured for liability coverage purposes, but not for property coverage. GCRE also argued that a balancing of the equities did not favor rescission of the policy as against GCRE.

In reply, PrimeOne argued that GCRE had not produced evidence to support its claim for reformation, and its arguments were based merely on innuendo and supposition. PrimeOne further asserted that GCRE had not proven, by clear and convincing evidence, that a unilateral mistake occurred, and that PrimeOne engaged in fraudulent, unfair, or inequitable conduct. PrimeOne also criticized DDI, GCRE, and their counsel for not reviewing the insurance policy after it was issued. PrimeOne argued that the trial court should balance the equities to determine whether the insurance policy should be rescinded only if it determined that reformation of the policy to add GCRE as an additional insured was appropriate.

The trial court granted PrimeOne's motion with respect to the issue of reformation, agreeing with PrimeOne that it was not appropriate to reform the policy to add GCRE as an additional insured for the property coverage portion of the policy. Later, after the parties filed supplemental briefs on the issue of rescission, the trial court issued an opinion and order denying PrimeOne's motion for summary disposition on the issue of rescission and holding that "the property claim must be processed by Prime One [sic] and payment made to GCRE." This appeal followed.

## II. REFORMATION AND RESCISSION OF THE INSURANCE POLICY

On appeal, PrimeOne argues that the trial court erred by declining to rescind the insurance policy as against GCRE and requiring it to provide property coverage for GCRE. On cross-appeal, GCRE argues that the trial court erred by dismissing its claim to reform the insurance policy to include it as an additional insured for property coverage. For the reasons set forth in this opinion, we conclude that the trial court did not err by declining to reform the policy to add GCRE as an additional insured for purposes of property coverage, but erred by requiring PrimeOne to provide property coverage to GCRE on the basis of a balancing of the equities.

## A. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). PrimeOne moved for summary disposition under MCR 2.116(C)(10). In *Bazzi*, 502 Mich at 398, our Supreme Court explained:

> A motion for summary disposition under MCR 2.116(C)(10) shall be granted if there is no genuine issue regarding any material fact and the movant is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). This Court also reviews de novo . . . the proper interpretation of a contract. *Titan*, 491 Mich at 553.

This Court reviews de novo a trial court's decision to grant or deny equitable relief, such as reformation of a contract. *Olsen v Porter*, 213 Mich App 25, 28; 539 NW2d 523 (1995). This case also requires review of provisions of an insurance policy. In *Webb v Progressive Marathon Ins Co*, 335 Mich App 503, 507; 967 NW2d 841 (2021), this Court explained that the interpretation of an insurance policy is reviewed de novo, using standard principles of contractual interpretation, including that the primary goal is to honor the intent of the contracting parties (citation omitted).

Finally, the decision whether to allow rescission of an insurance policy is within the discretion of the trial court, and therefore, is subject to review for an abuse of discretion. *Id*. at 508 (citation omitted). "The trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). However, any concomitant factual findings are reviewed for clear error. *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 405; 952 NW2d 586 (2020). A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake. *Id*.

## B. REFORMATION

We first consider whether the trial court properly held that GCRE was not entitled to reform the insurance policy to add it as an additional insured under the property coverage portion of the policy.

A court of equity possesses the authority to reform an insurance contract so that it correctly reflects the agreement the parties actually made. *Johnson v USA Underwriters*, 328 Mich App 223, 234; 936 NW2d 834 (2019). If a plaintiff can establish, by clear and convincing evidence, a mutual mistake of fact, or a mistake by one party and fraud on the part of the opposite side, reformation of the contract may be warranted. *Id.*; see also *Smith Living Trust v Erickson Retirement Communities*, 326 Mich App 366, 385; 928 NW2d 227 (2018) (" 'an agreement may be reformed because of a unilateral mistake that was induced by fraud' ") (citation omitted). However, it is not necessary for a party to prove fraud as a necessary element of every action for reformation on the basis of a unilateral mistake. *Johnson*, 328 Mich App at 235. For example, if one party to a contract makes a mistake, and the other party is aware of the mistake but remains silent, a contract may be reformed because of such inequitable and unfair conduct. *Id.* at 236. Thus, reformation may be appropriate if one party to a contract is aware of the mistake and conceals its knowledge of the mistake. *Barryton State Savings Bank v Durkee*, 325 Mich 138, 141-142; 37 NW2d 892 (1949); *Johnson Family Ltd Partnership v White Pine Wireless, LLC*, 281 Mich App 364, 380; 761 NW2d 353 (2008).

In this case, GCRE submitted evidence supporting a finding of a unilateral mistake on its part. It presented evidence that it, DDI, and Dickow acting on their behalf as an independent agent, intended that GCRE be listed as an additional insured for property coverage. However, there is no evidence that PrimeOne was aware of this intent. Moreover, the underwriter who processed the application testified that he was aware of other circumstances where a building owner would be identified as an additional insured for liability coverage, but not for property coverage, such as if a leasee was required by a lease to obtain property coverage for a building. Further, there is no evidence that PrimeOne acted fraudulently, or was otherwise aware that GCRE was supposed to be listed as an additional insured for the property coverage and was complicit in its silence, or acted in an unfair or inequitable manner. *Johnson*, 328 Mich App at 236. Because GCRE failed to demonstrate a genuine issue of material fact regarding the requirements necessary to reform the insurance policy, we affirm the trial court's decision granting PrimeOne's motion for summary disposition on GCRE's claim for reformation.

## C. RESCISSION

PrimeOne argues that the trial court erred when it applied our Supreme Court's decision in *Bazzi*, 502 Mich at 396, to this case and held that it was liable to provide property coverage to GCRE, despite having concluded that GCRE was not a named or additional insured under the property coverage portion of the policy. We agree.

In *Bazzi*, 502 Mich at 396, our Supreme Court was asked to decide whether the innocent-third-party rule, which was judicially created and operated to prevent an insurer from rescinding an insurance policy procured through fraud when the claim of an innocent third party was at stake, survived the Court's prior decision in *Titan*, 491 Mich at 547. The plaintiff in *Bazzi* was injured

-6-

while driving a vehicle owned by his mother and insured by the defendant. *Id*. The plaintiff sought payment of mandatory personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*. The defendant had obtained a default judgment against the mother permitting it to rescind the subject insurance policy on the basis of the mother's fraud. *Id*. at 397. Because PIP benefits are mandated by statute and subject to the no-fault act, the Court recognized that automobile insurance contracts are "governed by a combination of statutory provisions and the common law of contracts," and if a provision of an insurance policy is mandated by statute, the policy and statute will be construed together "as though the statute were part of the policy" and the " 'rights and limitations of the coverage are governed by that statute.' " *Bazzi*, 502 Mich at 399, quoting *Titan*, 491 Mich at 554. The Supreme Court concluded that the pertinent issue in *Bazzi* was whether the plain language of the no-fault act "preclude[d] or otherwise limit[ed] an insurer's ability to rescind a policy on the basis of fraud." *Id*. at 400, 401. The Court held that the defendant insurer was able to raise the defense of fraud and seek rescission of the insurance policy on that basis, but that rescission would not always be appropriate when the claim of an innocent third party was involved. *Id*. at 401, 407.

The Supreme Court recognized that in its earlier decision in *Titan*, it abrogated the innocent-third-party rule, under which an insurer's right to rescind was limited if there was a claim brought forth by an innocent third party. *Id.* at 401-403. The Court further explained that if a contract is induced by fraud, it is voidable at the option of the party defrauded, and the insurer has the choice to declare the contract void *ab initio*, and the legal effect of such action is that "the insurance policy is considered never to have existed." *Id*. at 408. However, because rescission is equitable in nature, it is not afforded as a matter of right, but lies within the discretion of the trial court. *Id*. at 409. Therefore, if a party seeks rescission of a contract, the trial court is required to balance the equities to determine whether the party seeking rescission is entitled to such relief. *Id*. at 410. Rescission will not be permitted if it would lead to an unjust or inequitable result. *Id*. Thus, if the rights of two equally innocent parties are at stake, the trial court is required to determine which of the two blameless parties is required to bear the loss. *Id*. at 410-411. Although holding that the insurance policy was void *ab initio* as between the defendant insurer and its insured, the Court remanded the case to the trial court for it to exercise its discretion in determining whether the policy should be rescinded with respect to the innocent third-party plaintiff. *Id*. at 411-412.

In this case, however, the trial court acknowledged that "[i]t is undisputed that GCRE was not a named insured on the property [coverage portion of the] policy," and that GCRE could not "make a direct claim against the policy for coverage for the building loss."[2] Despite this, the trial court proceeded to conduct an analysis under *Bazzi* to determine whether the insurance policy,

---

[2] The trial court also concluded, and we agree, that GCRE does not qualify as a third-party beneficiary under the property coverage portion of the policy. The language of the policy does not reflect any undertaking by PrimeOne directly for GCRE's benefit with respect to property coverage. MCL 600.1405; *Shay v Aldrich*, 487 Mich 648, 662-663; 790 NW2d 629 (2010).

specifically the property coverage portion, could be rescinded.[3]  We conclude that the trial court erred by conducting a weighing-of-the-equities analysis to determine whether the policy could be rescinded as to GCRE with respect to the property coverage portion of the policy after having determined that GCRE, despite its status as an innocent party to DDI's fraud, was not a named insured or an additional insured for purposes of property coverage.

In *Bazzi*, 502 Mich at 396, the plaintiff was an injured innocent third party who was entitled to mandatory PIP benefits under MCL 500.3112.  What distinguishes *Bazzi* from this case is that property coverage was not mandated by any statute and GCRE was not an insured or an additional insured under the property coverage section of the policy.  "The 'insured' under a contract of insurance is the person or entity that will receive a certain sum upon the happening of a specified contingency or event."  Couch on Insurance 3d, § 40:1, p 40-3.  The Building and Personal Property Coverage Form to the insurance policy specifically provides that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations."  GCRE is named as an additional insured only under the general liability coverage portion of the policy.

The applicable provisions of the building and personal property coverage form of the policy provide, in pertinent part:

### A.  Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Clause of Loss.

\* \* \*

### C.  Limits of Insurance

\* \* \*

### 4.  Loss Payment

---

[3] We note that the trial court's *Bazzi* analysis arguably exceeded the scope of this Court's remand instructions.  This Court's instructions on remand were limited to the trial court determining "whether rescinding the insurance policy as between defendant and GCRE, named as an additional insured under the *general liability section* of the policy, would be equitable."  *Doa Doa*, unpub op at 10 (emphasis added).  An appellate court's decision binds lower courts, and a lower court may not take action on remand that is not consistent with the higher court's judgment.  *Grievance Administrator v Lopatin*, 462 Mich 235, 259-260; 612 NW2d 120 (2000).  However, this Court's remand instructions also permitted the trial court to consider GCRE's claim to reform the policy to add it as an additional insured for the property coverage portion of the policy, and the trial court considered and decided that issue on remand.  Therefore, it is appropriate to consider the effect of that decision on GCRE's entitlement to property coverage benefits under the policy.

In the event of loss or damage covered by this Coverage Form, at our option, we will either

(1) Pay the value of lost or damaged property;

(2) Pay the cost of repairing or replacing the lost or damaged property . . .

(3) Take all or any part of the property at an agreed or appraised value; or

(4) Repair, rebuild or replace the property with other property of like kind and quality . . .

\* \* \*

(d) We will not pay *you* more than your financial interest in the covered property.

(e) We may adjust losses with the owners of lost or damaged property if other than you. If we pay the owners, such payments will satisfy your claims against us for the owners' property. We will not pay the owners more than their financial interest in the Covered Property. [Emphasis added.]

Because GCRE was not a named insured, or an additional insured, and because, unlike in *Bazzi*, the property coverage at issue was not mandated by statute, GCRE was not in a position to make a claim for any property loss benefits, either under the policy or pursuant to any statutory right. The trial court, despite recognizing this key omission with respect to the policy, nonetheless relied on *Bazzi*, and the factors set forth in Justice Markman's concurrence in *Farm Bureau Gen Ins Co of Mich v Ace American Ins Co*, 503 Mich 903-907; 919 NW2d 394 (2018), as adopted in *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 411; 952 NW2d 586 (2020), to essentially disregard the policy language, and to thereby hold PrimeOne liable for property coverage benefits to GCRE. In *Bazzi*, 502 Mich at 401, 407, our Supreme Court merely confirmed that it had earlier abrogated the innocent-third-party rule in *Titan*, and that the no-fault insurer defendant was not precluded from raising the common-law defense of fraud. However, that decision does not stand as authority that would allow a trial court to disregard the terms of an insurance policy and require an insurer to pay benefits to a party it did not agree to insure and who has no statutory right to benefits. In sum, because GCRE is not an insured or an additional insured under the property coverage portion of the policy, and because property coverage benefits are not otherwise mandated by statute, GCRE does not have any claim for property coverage benefits under the policy or otherwise. And because GCRE does not have any claim for property coverage benefits in the first instance, the trial court erred by proceeding to balance the equities to determine whether GCRE may recover property coverage benefits because of its status as an innocent party to DDI's fraud.

For these reasons, we reverse the trial court's opinion and order holding PrimeOne liable for property coverage to GCRE and remand for entry of judgment in favor of PrimeOne with respect to GCRE's claim for property coverage benefits.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan